## THOMAS G. WALTON, Ex'r., &c., *v.* WILLIAM F. McKESSON and others.

In an action upon a former judgment, the record of the judgment is the proper evidence thereof; and its production cannot be dispensed with, or supplied by any other evidence.

Where the record of a judgment has been destroyed, the first step towards obtaining a remedy, is by proceeding in the Court where it was given, to the end that the record may be supplied.

WALTON, Ex'r. &c. v. McKESSON et al.

ACTION for money due by judgment, tried upon demur-
rer to the complaint, by *Mitchell, J.*, at Fall Term 1869 of
BURKE Court.

The complaint alleged that a judgment had been obtained
by the plaintiff against the defendants, at August Term
1861 of Burke County Court; that the record thereof was
destroyed by the Federal forces under General Stoneman in
the Spring of 1865, but that the plaintiff had a "certified
memorandum of said judgment under the hand of the
Clerk, dated March 29th 1865, showing the date and amount
of the judgment, &c., which he stands ready to produce,
together with other proof, if necessary, as evidence of his
debt."

The defendant demurred, and assigned as cause, that it
appeared by the complaint that there is no record of the
the said supposed recovery, &c.

The demurrer was overruled, and the defendant appealed.

*Folk*, for the appellant.
*Furches, contra.*

READE, J. In an action on a former judgment, the
record of the judgment is the proper evidence thereof. Its
production can not be dispensed with, or supplied by any
other evidence. The reason is, that upon plea of *nul tiel
record*, the court decides upon the *inspection* of the record
itself.

The plaintiff's remedy in this case, was, upon notice to the
defendants, a motion in the original suit, to have a record
made of the judgment, in place of that which was destroyed;
and then to offer the record in evidence in this suit. It was
neither necessary nor proper to make profert of the judg-
ment, but to refer to it as of record, *prout patet per recordum;*
but instead of such reference, it is stated in the complaint as
an excuse for not making profert, that the record had been
destroyed.

It is not desirable that the merits of a cause should be prejudiced by technicalities, and the courts are liberal in allowing amendments to reach substantial justice. If upon the coming in of the demurrer, the plaintiff had obtained leave to amend his complaint, so as to refer to the judgment as "remaining of record," and upon motion in the original cause had made a record, it might have been offered on the trial, but as the plaintiff joined in the demurrer, we are obliged to say that it ought to have been sustained. There is error.

PER CURIAM.                    Judgment reversed.