STEPHEN D. FOULK, Plaintiff in Error, *v.* GEORGE W. COLBURN, Defendant in Error.

48   225
99   89
48   225
59a   270
48   225
87a   177

1. *Sheriff, deed of land by — Omission in to state the date of levy under the attachment — Failure of date may be supplied by parol evidence.* — In a suit for certain real estate, carried on between two purchasers under different attachment sales, to test the priority of their claims, it appeared that the sheriff's deed to defendant failed to set forth the date of the attachment and levy; that, without defendant's fault, a portion of the original files in the suit had been lost, but that enough of the record remained to advise plaintiff that there had been a writ of attachment and levy. *Held,* that the sheriff's deed was not vitiated by the failure to recite the original levy; that proof of the date of the levy might be made by parol evidence; and that, on such proof, the deed would relate back to the time of the levy.

2. *Records, lost, ordinarily may be proved by parol evidence.* — Ordinarily, if a record be lost, its contents may be proved, like any other document, by secondary evidence, when the case does not, from its nature, disclose the existence of other and better evidence.

## *Error to First District Court.*

*Elliott & Blodgett,* for plaintiff in error.

I. The recital in the sheriff's deed to plaintiff, of the date of the levy of the writ of attachment in the case under which he claims, is *prima facie* evidence of the fact as therein recited, and is sufficient proof of the date of the levy when uncontradicted by other evidence. (Potter v. McDowell, 43 Mo. 93; Merchants' Bank v. Harrison, 39 Mo. 433; McCormack v. Fitzsimmons, *id.* 24; Stephens v. Thompson, 13 Ill. 191; Hardin v. Clark, 3 Jones, N. C., 137.)

II. The date of the attachment should be recited in order that the deed may show from what date the purchaser takes the title. In a proceeding *in rem,* the levy of the writ of attachment upon the land at a certain date, is the act which gives the sheriff the power to pass the title to a purchaser from such date. The seizure of the property is the foundation of the whole proceeding, without which there can be no valid judgment. (Smith v. McCutchen, 38 Mo. 417; Bois v. Vance, 32 Miss. 198.) It is well settled that a sheriff's deed must show the power under

15—VOL. XLVIII.

which the sheriff acts in transferring the title from the defendant in the execution to a purchaser. (Lackey v. Lubke, 36 Mo. 124; Tanner v. Stine, 18 Mo. 582; Blackw. Tax Tit., Balch's ed., 386; Zabriske v. Meade, 2 Nevada, 288; Donahoe v. McNulta, 24 Cal. 418.)

Unless the fact of the levy of the writ of attachment and also the date thereof are both recited in the deed, the deed is defective in two important particulars: 1. It shows no power in the sheriff to make the sale, for if there is no attachment there can be no valid judgment. 2. If the date of the levy be not recited, the deed shows no power in the sheriff to pass the title to a purchaser from any definite period, and the deed is void for uncertainty, in the same manner as though the uncertainty existed in matter of description, and parol evidence is not admissible to explain it. (Mason v. White, 11 Barb., N. Y., 187.)

The judgment throws no additional light upon the question as to when the defendant's title had its inception. Both parties are bound by the recitals in their deed, and defendant will not be permitted to vary or add to his deed by parol evidence so as to give it any other or greater effect than it has upon its face, or an operation beyond the broadest scope of its own terms. (Enstein v. Gay, 45 Mo. 62; Ashley v. Bird, 1 Mo. 640; 2 Phill. Ev. 637, 644, note 487; Douglas v. Scott, 5 Ohio, 195; Singleton v. Fore, 7 Mo. 518.) Where the record of a judgment has been lost or destroyed, the first step toward obtaining a remedy is by a proceeding in the court where the judgment was given, to the end that the record may be supplied. (Walton v. McKesson, 64 N. C. 77, in Am. Law Reg., June, 1870, p. 385.) What a court of record does is known only by its records. (Wilson v. Pemberton, 12 Mo. 602; Medlin v. Platte County, 8 Mo. 238.)

The theory of the defendant, on which he bases his right to the land on matters *de hors* his deed, cannot prevail. He cannot take title partly by deed and partly by parol. Having accepted a deed defective in its terms, he is bound by it. (2 Nevada, 288; Tanner v. Stine, 18 Mo. 587; Donahoe v. McNulta, 24 Cal. 417–18.) So rigid is the rule concerning the execution of deeds of this character, that an imperfect execution of a statutory

power will not be aided even by a court of equity. (Moreau v. Detchemendy, 18 Mo. 587; 1 Sto. Eq. Jur., §§ 96, 177.)

Defendant in error insists that he is not bound to recite in his deed the date of the levy of the attachment in the case through which he claims, because the statute does not expressly require it; but this court has held, where the statute is silent as to what recitals shall be contained in a statutory deed, that the form must be adapted to the facts in the case, and that construction cannot be employed to give such a deed an effect beyond the broadest scope of its own terms. (Enstein v. Gay, 45 Mo. 63.)

*Nickerson & Hicks*, for defendant in error.

I. The record of the case of Colburn v. McCown became and was a muniment of title for the defendant and purchaser, and the loss being admitted, it was competent to prove its contents by parol. (Armstrong v. McCoy, 8 Ohio, 135; Ravenscroft v. Giboney, 2 Mo. 1; 8 Mo. 115; 4 Mo. 39; Graham v. O'Fallon, 3 Mo. 351; 28 Me. 367; 38 Me. 456.)

II. The evidence to establish the contents of the lost record does not contradict or vary the deed offered in evidence by Colburn. But it constitutes the authority by and under which the special judgment against McCown was rendered, and without which no valid judgment could have been rendered, and is evidence of a higher nature than the sheriff's deed. (Armstrong v. McCoy, *supra*; 12 Mo. 529.)

The law does not require the date at which the land was attached to be recited in the sheriff's deed (Gen. Stat. 1865, tit. Executions; Tanner v. Stine, 18 Mo. 587); hence the loss of the record cannot impair or divest the defendant's title.

Plaintiff had notice of the prior lien and attachment of the land in the suit of Colburn v. McCown, when he purchased and received his deed, sufficient to put him on inquiry, and that was enough. (1 Paine, C. R., 462; 1 Paige, 461; *id.* 202; Green v. Slater, 4 J. C. 38; 3 Johns. 526.)

BLISS, Judge, delivered the opinion of the court.

The plaintiff seeks to recover certain real estate, and both parties claim title through execution sales upon different judgments in attachment against one McCown. The original levy in the attachment proceedings under which defendant holds, is claimed to have been made previous to that in the other case, and the questions raised pertain exclusively to the defendant's title. His deed from the sheriff makes no allusion to the original levy, so that it does not appear from it when it was made; and the plaintiff claims that this is a fatal omission.

The statute does not specify what recitals in sales upon attachment a sheriff's deed shall contain. After the judgment, a special *fi. fa.* issues to sell the property seized, and the deed is governed by the provisions of the statute upon executions. The one under consideration is regular unless in the particular named. The judgment and order of sale are described, but the deed does not mention the date of the original levy, nor does the judgment or order refer to it; so that, without reference to the original writ and the return of the sheriff upon it, it cannot be told when the property was seized.

It would seem that the special execution, like an ordinary *venditioni exponas*, would naturally refer to the seizure of the property as well as to the judgment and order of sale. Both are proceedings that precede the sale, and without which no title will pass. Yet it is to be presumed that the court had authority to issue the order — that it would not have been issued unless there had been a levy upon the property ordered to be sold — and the order itself must be held to be sufficient authority for the officer to proceed. The statute gives no form for a special *fi. fa.*, nor does it direct what recitals it shall contain, or require it to describe the manner in which the property came within the control of the court. A common *fieri facias* simply refers to the judgment, and in analogy to that the writ under consideration refers to the judgment and the order to sell, describing the property; and we cannot say that it is not a special *fieri facias* under

the statute, though it neglect to show the authority of the court to make the order.

If it is not essential that the order of sale describe the levy, then it cannot be required in the deed; for the recitals called for by the statute are only such particulars as are "recited in the execution" (Gen. Stat. 1865, ch. 160, § 54; Wagn. Stat. 612), and this is necessarily so, inasmuch as no other paper is in the hands of the sheriff. The deed, then, is not vititiated by failing to recite the original levy; and when the date of such levy becomes material, resort must be had to the record.

Upon the trial the defendant, in addition to his deed, offered in evidence the judgment, proved that the original attachment writ, with its return, had been lost from the files, and then showed by the testimony of the sheriff who had served it, the date of the writ and the date of the levy, the sheriff giving a copy of his return. But the court refused to consider any evidence except the deed and its recitals; and hence, as defendant's deed did not recite the levy, gave judgment for the plaintiff. The court did not hold the defendant's deed to be void, but refused to make it relate back beyond the date of the judgment, for the reason that it recited no previous proceedings. In this it was clearly wrong, for unless there had been a valid levy the deed was worthless, as having nothing to lean upon; and if good, it related back to the levy upon which it depended. The levy was its life and the source of the title conveyed by it.

It is not easy to determine the grounds upon which the court based its opinion. It might have held that the deed did not relate back to the levy, because there was nothing of record to notify the plaintiff when it was made, or whether made at all. It is true most of the original files were lost; but is it true that when the process and pleadings in an action are mislaid or destroyed, although the judgment remains duly entered in the book of orders and judgment, and which could not have been lawfully rendered without such process and pleadings, that no one is notified of the proceedings in the action? In the present case the loss was not the fault of the defendant, and there was enough preserved upon the record and recited in the deed to advise the

plaintiff that there must have been a writ and levy as well as pleadings. The evidence shows that the plaintiff, before the purchase, actually searched the clerk's office to find the missing files. He was put upon inquiry in relation to the levy, but did not pursue it far enough to ascertain what has appeared in evidence. Were it the defendant's fault that the plaintiff was obliged to go beyond the clerk's office for information, he might have been excused. But the records being lost without his fault, all parties were bound by what they could be proved to contain. The loss should not be visited upon the defendant; otherwise the title to our estates would in many cases be made to depend upon the carefulness or fidelity of clerks of courts, or perhaps upon the honesty of those intrusted with, or who might obtain access to the public records.

Objection is made to the parol evidence establishing the contents of the lost record. It is true that an action cannot be maintained upon a lost record without first establishing or restoring it by a direct proceeding, for the reason that if its existence is put in issue, the court passes upon it by an inspection of the record. (Walton v. McKesson, 64 N. C. 77.) Nor will one be permitted to proceed in the prosecution of a suit and take a default upon proof of loss and contents of the petition, for the defendant has no opportunity to answer until it is restored. (Brown v. King, 39 Mo. 380.) But ordinarily, if a record is lost "its contents may be proved like any other document, by any secondary evidence, when the case does not from its nature disclose the existence of other and better evidence." (Greenl. Ev., § 509; Graham v. O'Fallon, 3 Mo. 507; Ravenscroft v. Giboney, 2 Mo. 1.)

The judgment of the District Court, reversing that of the Court of Common Pleas, will be affirmed. The other judges concur.