————o————

Jos. C. PARRY, Plaintiff in Error, *vs.* G. H. WALSER, ADM'R
OF ANDERSON S. JONES, Defendant in Error.

1. *Evidence—Contents of lost record—Nature of action to prove.*—The general rule is, that if a record is lost or destroyed, its contents may be proved like those of any other instrument. And the party may proceed by his common law action without resorting to the statutory remedy.

*Error to Barton Circuit Court.*

*C. W. Brown & Bray.,* for Plaintiff in Error.

*G. H. Walser,* for Defendant in Error.

VORIES, Judge, delivered the opinion of the court.

This action was brought in the Barton Circuit Court by the plaintiff against Anderson S. Jones and James Rutherford, who were at the time living, but who, after the commencement of the suit both died, after which, their administrators were made parties defendant.

The action was brought to recover the amount of a judgment charged to have been rendered by one Benjamin L. Hayward, a justice of the peace in and for Lamar township

in Barton County in the State of Missouri, in favor of Joseph W. Petty, and against said Jones and Rutherford, on the 26th day of January, 1861, and afterwards assigned by said Petty to the plaintiff. It was alleged in the petition that the docket entry of the judgment and all of the papers connected therewith had been lost or destroyed.

The defendants, by their answer, denied all of the allegations in the petition, except the allegations that the docket entry of the judgment and the papers in the case had been lost or destroyed.

When the case came on for hearing the parties waived a jury, and trial was commenced before the court. The plaintiff after introducing evidence tending to prove the rendition of the judgment by the justice, and the loss or destruction of the docket entry of the judgment, and of the papers connected therewith, offered to prove, by parol evidence, the recovery and rendition of the judgment and the terms and contents thereof. To this evidence the defendants objected, for the reason that no proof had been made that the docket of B. L. Hayward was either lost or destroyed.

The court sustained the objection and excluded all evidence offered in the cause in relation to said judgment, for the reason, that it had not been shown to the satisfaction of the court that the docket of the justice had been lost or destroyed.

The plaintiff then took a non-suit with leave to move to set the same aside, which motion was afterwards filed and overruled by the court and final judgment rendered against the plaintiff. The plaintiff, at the time, excepted to the several rulings of the court in excluding the evidence offered, and in overruling his motion to set aside the non-suit, and in rendering the final judgment in the cause, and has brought the case to this court by writ of error.

The only question raised by the record in this case, necessary to be considered by this court, is, as to the propriety of the action of the Common Pleas Court in excluding the evidence offered by the plaintiff, to prove the contents or terms of the judgment rendered by the justice.

The preliminary evidence introduced by the plaintiff to show the existence of the judgment, and its loss or destruction, was to the following effect: that on the 26th day of January, 1861, Benjamin L. Hayward was an acting justice of the peace in Lamar township in Barton County, State of Missouri; that on said day, Joseph Petty recovered in the court of said justice, a judgment. against Anderson S. Jones and James Rutherford, which judgment was recovered on a promissory note, and was for the sum of one hundred and twenty-four dollars and thirty-seven cents; that about July, 1861, said justice of the peace left the State of Missouri and removed to, and settled in, the State of Kansas, where he afterwards died; that J. H. Remsburgh was elected, and acted as justice of the peace in said Lamar township as the successor of said Hayward; that said Remsburgh kept the books and papers pertaining to his office at his house; that his house was burned while he was absent from home in the year 1862; that the court house in Barton County, together with nearly all of the papers therein, was destroyed by fire in the year 1862; that the clerk of the County and Circuit Court, who was elected and had charge of the offices and papers pertaining thereto, in the year 1865 had made diligent search through the offices in his charge and could not find either the docket or papers of the said Hayward as justice of the peace, and that no such papers had been seen, in either the office of the clerk of the County Court or of the Circuit Court, since said clerk took charge of said offices, and no papers could be found there up to the time of bringing this suit.

Plaintiff then introduced as a witness one A. S. Harrington who stated, that he was a justice of the peace in Lamar township in Barton County. Missouri, in the year 1866; that he was the successor to J. H. Remsburgh, and that Remsburgh was the successor to Benj. L. Hayward; that neither the docket or any papers of said Hayward, as justice of the peace or otherwise, had ever come into his hands.

The plaintiff, after the introduction of this evidence, introduced one Nathan Bray, by whom he offered to prove the

rendition and contents and terms of the judgment rendered in favor of said Parry, and against said Jones and Rutherford as before stated, which was rejected by the court as hereinbefore stated.

We think that the court improperly excluded the parol evidence to establish the existence and contents of the lost or destroyed record of the judgment. The general rule is, that if a record is lost, its contents may be proved like any other document, and the evidence given in this case, preliminary to the proof of the contents of the record, was sufficient to prove its destruction. In fact, the evidence seems to be almost conclusive on that subject. (Foulk vs. Colburn, 48 Mo., 225; 1 Greenl. Ev., § 84, p. 509, and cases there cited; Newcomb vs. Drummond, 4 Leigh, 57.)

It is, however, contended, by the defendant, that the statute of this State having furnished a remedy to the plaintiff, by which the record could be supplied, all other remedy is thereby taken away, and that the plaintiff was bound to follow the remedy furnished by the statute, and could pursue no other. (Wagn. Stat., p. 1137, §§ 14, 15.)

We do not agree to this view of the case. The destruction of the record did not destroy the force of the judgment, and the plaintiff might proceed to collect his judgment as at common law, without resorting to the mode furnished by the Statute. (Strain vs. Murphy, 49 Mo., 337.)

The other judges concurring, the judgment is reversed and the cause remanded.