STUDEBAKER MANUFACTURING COMPANY v. DICKSON *et al.*, *Appellants.*

1, **Promissory Note:** FRAUD: EVIDENCE OF NOTICE. The indorsee of a promissory note before taking it, was informed by the maker that it would be good "if the consideration for which it was given has not been misrepresented; this is not tested yet." *Held*, that he thereby became chargeable with notice that the validity of the note was a question which remained to be tested, and if it was procured by fraud or misrepresentation, he could not enforce it.

2. **Evidence of Contents of Missing Paper.** The custodian of a

missing paper testified that he had made thorough search of his office wherever it would be likely to be, but had failed to find it. He, however, admitted that it might possibly be in the office, but said that if so it must be in some other file-box or pigeon hole; *Held*, that this disclosed a diligent search and an honest effort to find the paper, and was sufficient to authorize the admission of secondary evidence of its contents.

*Appeal from Buchanan Circuit Court.*—Hon. Jos. P. Grubb, Judge.

Reversed.

*B. & V. Pike* for appellants.

*Judson & Motter* for respondent.

Norton, J.—This action was commenced in the Buchanan circuit court by plaintiff, as indorsee of a promissory note given by defendants to one F. M. Wood for $1,250. As a defense, it is set up that the note was given without consideration, and that defendants were induced to execute it, with one other note, in payment for a pretended copyright, falsely and fraudulently represented to be valuable, but which in fact was worthless; that the defendants in giving said notes had been made the victims of a "confidence game," practiced by said Wood and his confederates, all of which was known to plaintiff before it took the note sued on. On trial of the cause plaintiff obtained judgment, from which defendants have appealed to this court.

It appears from the deposition of Jacob F. Studebaker, the general superintendent of plaintiff's carriage depart-

1. PROMISSORY NOTE: fraud; evidence of notice. ment, that the note in question was transferred before its maturity, on the 31st day of July, 1874; that the goods which constituted the consideration for the transfer, were shipped about the 1st day of August, 1874; also, that on the 29th day of July, 1874, the plaintiff received from defendant J. K. Dickson, the following telegram: "The note mentioned will be good if

consideration for which it was given has not been misrepresented; this is not tested yet." This telegram was sent in answer to one transmitted by plaintiff to defendant asking to know whether the note was genuine or not. It thus appearing from the evidence that the telegram notifying the plaintiff in effect that the validity of the consideration of the note was a question which remained to be tested, was received by plaintiff before the transfer of the note or the delivery of the goods given in consideration of the transfer, they are chargeable with notice of the defense which is set up by defendants in their answer, and that evidence relevant to such defense is receivable. The dispatch of Dickson, if received by plaintiff before the transfer of the note, brings the case within the principle announced by this court in the cases of *Cass County v. Green*, 66 Mo. 498; *Edwards v. Thomas*, 66 Mo. 468; *Hamilton v. Marks*, 63 Mo. 167.

It appeared on the trial that the contract and transfer of the copyright of certain mathemetical, educational and business charts, for which the note in suit was given, was in writing; and we think the court properly held that until the said contract was produced, or proof of its contents in the event of its loss, no evidence as to representations at the time of the sale could be received, inasmuch as the court could not intelligibly pass upon the admissibility of such evidence without having before it the written contract, if in existence, or proof of its contents if lost. The defendants, after accounting for the non-production of the within contract, offered to prove the contents thereof; this the court refused to allow, and the action of the court in this particular, we think, was erroneous. It was shown by the evidence of Mr. Johnson, one of defendants' attorneys, that before filing the answer defendants placed in his hands the contract in question, that he had always kept the Dickson papers together, that he had made thorough search and hunted his office everywhere said paper would be likely to be, and could not find

2 EVIDENCE OF CONTENTS OF MISSING PAPER.

it. On cross-examination he said the paper might possibly be in his office, but if so it had been folded into some other file-box or pigeon hole. We think that this evidence of the custodian of the contract as to its loss, under the authority of the following cases, laid a sufficient foundation for the introduction of secondary evidence as to its contents, and that the court in excluding such evidence committed error. What more could Johnson do than to search thoroughly every place where the paper was likely to be found? His evidence discloses a diligent search for and an honest effort to find the missing paper, and this we think was sufficient. *Parry v. Walser*, 57 Mo. 169; *Hatch v. Carpenter*, 9 Gray 271. Judgment reversed and cause remanded, in which all the judges concur.