ISAAC T. WISE, Appellant, v. JAMES M. LORING,
Administrator of WILLIAM H. COZENS,
Deceased, Respondent.

St. Louis Court of Appeals, November 7, 1894.

1. **Evidence**: SECONDARY EVIDENCE OF PAPERS FILED IN COURT. Secondary evidence may be given of papers filed in court, when they are shown to have been destroyed or lost.

2. ———: REFRESHING MEMORY OF WITNESS. A witness testified that he made an affidavit in a certain action before a justice of the peace, and that the same was filed therein; also that a summons contained the printed form of the affidavit in use at the time in all such actions before that justice. *Held*, that this summons could be used to aid the memory of the witness in regard to the contents of the paper.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

REVERSED AND REMANDED.

*Isaac T. Wise* for appellant.

*C. A. Schnake* for respondent.

BOND, J.—This is an action upon a justice's judgment rendered upon a landlord's summons. The facts in the case are stated in the opinion on the former appeal, and need not be repeated here. There is, however, an error of print in the report of the opinion of the writer on the former appeal, where it quotes from the petition in this case, beginning in the middle of line thirteen from the top of page 261, 54 Mo. App. The quotation in question, instead of being as there given, should read, to wit: "That said judgment still remains valid and in full force. Therefore plaintiff prays judgment against said defendant aforesaid, administrator, for said sum of $200, interest and costs."

Upon the trial had, after the cause was remanded by the decision in the former appeal, the court, over the objection of the plaintiff, excluded the certificate entry of the justice's docket, showing the rendition of the judgment sued on.   This was error.

The first step requisite to prove plaintiff's cause of action was evidence of the judgment on which it was brought.   The next step required of plaintiff, under the former opinion in this case, was proof of the verified statement or affidavit on which the right to maintain a landlord's summons depended, and without showing which it was held there could be no recovery on the judgment.   It was competent, however, for plaintiff to meet this requirement by evidence tending to show that such statement or affidavit was filed when the proceedings were originally commenced, and that it was lost or destroyed, and that its contents were in statutory form. *Foulk v. Colburn*, 48 Mo. 225; *Graham v. O'Fallon*, 3 Mo. side page, 507.

The testimony of the witnesses Meeks and Nagel tended to show that the one made, and the other took, an affidavit which was filed in the case when the original suit was brought in the justice's court.   Plaintiff thereupon offered to show by witness Meeks the contents of said affidavit, and, to aid his memory, handed him a summons shown to have been the printed form with jurat attached used at that time in all landlord's summons cases before the justice in question.

We think the court erred in refusing to permit this witness to testify, after refreshing his memory, by the examination of the summons.   2 Rice on Evidence, pages 744, 745; 1 Wharton on Evidence, sec. 518.

The result is that the judgment of the circuit court is reversed and the cause remanded.   All concur.