## HENRY SUPPLES *vs.* GEORGE W. LEWIS.

*S* held a judgment against *C* on which an execution was issued and returned unsatisfied. A second execution was afterwards issued, and while it was in the hands of the officer *C* paid the amount to the officer without a levy. While the money was in the hands of the officer *L* got possession of it, and refused to deliver it to *S* upon his demand. In an action for money had and received brought by *S* against *L*, it was held—1. That parol evidence that a second execution had been issued did not contradict the record evidence laid in by the plaintiff, which showed merely the judgment and the first execution. 2. That the fact that the second execution had been issued could be proved by parol evidence, the object being not to prove the contents of the execution, but simply to show that it had been issued and was in the hands of the officer at the time, thus showing that the officer was the agent of the plaintiff in collecting the money and that he held it for him. 3. That it was not necessary that the officer should sue for the money, but that the plaintiff could maintain assumpsit for it.

The testimony of an impeached witness is not necessarily to be wholly rejected, but where there are circumstances tending to corroborate it, it may be sufficient to prove a fact.

ASSUMPSIT for money had and received, brought to the Court of Common Pleas of the county of Fairfield, and tried on the general issue, closed to the court, before *Brewster, J.* Judgment for the plaintiff, and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

*Taylor*, in support of the motion.

*Todd*, contra.

PARK, J. It appears by the motion in this case that one Sturges recovered judgment for costs against one Cannon, and afterwards assigned the judgment for a valuable consideration to the plaintiff. Execution was duly issued on the judgment, and placed in the hands of a deputy sheriff of Fairfield County to serve, who collected the amount of the judgment without a levy of the same. While the officer was holding the money for the plaintiff, the defendant unlawfully took it from his possession, and has ever since retained it. The defendant offered no evidence on the trial.

From these facts it would seem that no defence could be made to the claim of the plaintiff. But it appears that the execution put into the hands of the officer was a second execution issued upon the judgment, the first execution having been returned wholly unsatisfied. The second execution was never returned because it was never served, and the facts in relation to it were proved by parol. The defendant objects to the evidence on the ground, first, that it contradicted the record of the judgment and first execution, which had been laid in by the plaintiff to prove title in himself, inasmuch as the record did not state that a second execution had been issued ; and, secondly, because the contents of the execution could not be proved by parol.

It is manifest that the evidence did not contradict the record. It had reference to independent facts, in regard to which the record was silent. And it is equally clear that the second objection cannot prevail. The plaintiff did not claim to prove the contents of the execution, but simply the fact that one had issued on the judgment, and was put into the hands of the officer to serve, in order to show that the officer was the agent of the plaintiff in collecting the money and held it for him.

Again, it is claimed, that the officer alone could sustain a suit for the money thus taken from him.

This claim is likewise without foundation. The money belonged to the plaintiff; the officer held it for him, and soon after the seizure the defendant was so informed by the officer, and by the plaintiff's attorney, but he refused to return it. The

defendant has the plaintiff's money, and in equity and good conscience has no right to retain it. Surely the action of money had and received for the plaintiff's use, will lie against him in favor of the plaintiff.

It is further claimed by the defendant that notice to the judgment debtor of the assignment of the judgment debt to the plaintiff could not be proved by the testimony of a witness whose character for truth was impeached, although taken in connection with facts tending to corroborate the witness.

This is a novel claim. It might well be questioned whether any notice was necessary in a case like this where the defendant was a mere wrong-doer; but it is clear that the testimony of such a witness is not necessarily to be laid out of the case where there are corroborating facts.

A new trial is not advised.

In this opinion the other judges concurred.