## BRUNS ET AL. v. CLASE.

9   225
9   313
9   400

9   225
f36   241

1. Upon proof of the death of the sheriff, the existence of an execution issued to him while alive may be shown by testimony (1) that in the execution docket in the custody of the clerk of court there was an absence of entry for two years, covering the time of the issue of the execution in question, but that the fee-book mentions "execution issued January 8, 1878," and also the entering the sheriff's return without date; (2) that such execution was seen in the hands of the sheriff, and, by the latter's permission, examined by the party testifying.
2. Proof of a diligent and *bona fide*, but unsuccessful, search for an instrument in the place where the same belongs, is generally kept, or is most likely to be found, is sufficient to admit secondary evidence of its contents.

*Appeal from District Court of San Juan County.*

THE facts are stated in the opinion.

VOL. IX — 15

Messrs. GRAY and FRAZIER, for appellants.

Messrs. HUDSON and SLAYMAKER, for appellee.

BECK, C. J. The only error assigned and relied upon for a reversal of this case is that the existence and loss of the execution alleged to have been issued on the judgment in favor of *Sheppard & Co. v. Calder, Rouse & Co.* were not sufficiently proven to let in secondary proof of its contents. It was alleged in defendant's answer that an execution issued, and was delivered to Sheriff Williams, of San Juan county, on the 8th day of January, 1878, and was levied ûpon the lots in controversy. The defendant, who relied, in part, upon title derived from his purchase at the sheriff's sale, and upon the certificate of sale and sheriff's deed, was unable to produce the execution upon which the property had been sold. The decease of the sheriff prior to the trial was duly proven. It appears from the testimony that an execution docket was among the record books in the office of the clerk of the county court, but that no entries had been made in it from September, 1877, until August, 1880. This accounted for the absence of an entry therein of the issuance of the execution in the present instance. The fee-book, however, mentions the fact that an execution did issue, in the following words: "Execution issued January 8, 1878." It also mentions the entering of the sheriff's return on the execution, but gives no dates. In addition to this evidence, Mr. Hudson, one of the attorneys for the defendant, testified positively that he saw the execution in the hands of Sheriff Williams a few days after it was issued; that he asked permission to see it, and took it into his own hands, and examined it.

If the execution was lost, and could not be found at the trial, this testimony was both competent and sufficient to prove that the writ had been issued. *Supples v. Lewis*, 37 Conn. 568. It has been held that an entry in

an attorney's register was sufficient proof of the issuing of an execution to the sheriff at the time mentioned in the entry. *Leland v. Cameron*, 31 N. Y. 115, 124. There is nothing in the record to impeach the above testimony, and it having been shown that Sheriff Williams died before the trial in the district court, we are of opinion that the existence of the execution was duly established.

The remaining question is whether there was sufficient proof of the loss of the execution. That the clerk of the court is the proper custodian of the files in all actions pending or determined therein, and that the office of the clerk is the proper place of deposit of such files, do not require the citation of authorities. The law is equally well settled that proof of a _diligent and *bona fide*, but unsuccessful, search for an instrument, in the place where the same belongs, is generally kept, or most likely to be found, is sufficient to admit secondary evidence of its contents. It has also been decided that the testimony of a clerk of a court that he made diligent search for certain writs of execution belonging to the files of his court, and was unable to find them, was sufficient to let in secondary evidence of their contents. 2 Best, Ev. § 482, and notes.

The witness George W. Bachman, who was the clerk of the county court from May, 1881, to May, 1883, testified that he had made diligent search on three different occasions for this paper, but failed to find it. On being asked to what extent he searched therefor, he answered: "I went through everything I could find in the office." Judge Orr, who was judge of the county court at the time of the trial, testified that the records of the county court were then in his care; that he had searched the office for the execution, but could not find it. This preliminary proof of loss seems to have gone to the full extent required by law. *Hittson v. Davenport*, 4 Colo. 169; *Hobson v. Porter*, 2 Colo. 28.

The case of *Leland v. Cameron*, *supra*, was similar to

the present case in some respects. The sheriff to whom the execution issued was deceased, and the execution had been lost. The clerk's office had been searched for the execution, and it was not found. The members of the deceased sheriff's family were inquired of, but they could not find the writ. The proof was held sufficient. Appellants make the point that the proof in the present case was not carried to the same extent as in the case last cited. We do not understand the decision to hold, or intimate, that the inquiry of the sheriff's family was necessary; but having been made, that fact is mentioned with the other acts performed, all tending to show that a diligent search had been made for the document. See, also, *Mandeville v. Reynolds*, 68 N. Y. 528. The proofs of the existence and loss of the execution were sufficient to justify the admission of the certificate of sale and the sheriff's deed as secondary evidence of the contents of the execution.

These being the only questions submitted for our consideration, the judgment of the court below will be affirmed. *Affirmed.*