JULIUS GOLDMAN, PLAINTIFF, *v.* CARRIE S. KENNEDY,. DEFENDANT.

*Recitals in a sheriff's deed or in his certificate of sale — not evidence that an execution was issued — no such presumption arises from the fact of sale — Code of Civil Procedure, sections* 1471, 3347, *apply only to executions issued after September* 1, 1877.

| 49 157 |
| 142a 303 |

The recital in a sheriff's deed of the issuing of an execution under which the property therein described was sold, is not *prima facie* evidence of the fact that such an execution was issued; nor are the recitals in the certificate of sale in respect to the issuance of the execution of any greater dignity than those in the deed.

The provisions of section 44 of 2 Revised Satatutes, page 370 to the effect that the original certificate of sale, upon being proven and recorded, shall be received as presumptive evidence of the facts therein contained, is limited by section 42, which prescribes what such certificates shall contain, in which latter section no reference is made to the execution under which the sale is had, and the presumption arising under section 44 does not extend to facts which are not necessarily contained in the certificate

It cannot be presumed that an execution was issued, from the fact of the sheriff's. having made a sale ostensibly under an execution, upon the ground that there is a presumption that the sheriff must have had an execution, or he would not have made the sale.

Section 1471 of the Code of Civil Procedure, as amended in 1886, is not applicable to the case of a sale which took place prior to the passage of the section in question, or of its amendment as by section 3347 said section 1471 applies only to executions issued and sales made after September 1, 1877

It is a familiar rule in the construction of amended statutes that the statute and its amendment should be read together, as though originally enacted at one time.

SUBMISSION of a controversy without action upon an agreed statement of facts.

*Julius Goldman,* plaintiff in person.

*Jacob Steinhardt,* for the defendant.

VAN BRUNT, P J.:

On the 29th of March, 1888, the plaintiff entered into a contract with one Carrie S. Kennedy, whereby he agreed to sell certain premises in the city of New York for a certain price therein mentioned, the deed for which was to be delivered on or before the 28th day of April, 1888. The purchaser declined to complete the contract and rejected the title to the property for the following

reasons : From 1835 to 1839 the title to the property was in one Joseph Alexander. By deed dated December 6, 1839, recorded June 20, 1840, Alexander and wife conveyed to one Michael Mullen one undivided fourth part of the property in question, together with other property. On the 6th of May, 1843, a judgment was docketed in the Supreme Court, in favor of Charles O'Conner and Edmund S. Derry, against the said Michael Mullen and another. Thereafter an execution is said to have been issued to the sheriff of the city and county of New York, by virtue of which said sheriff purported to sell the interest of said Michael Mullen in and to said property. The sheriff filed his certificates of sale in November, 1843, as required by law, which certificate recited the issuing to him of an execution on said judgment and a sale of the premises in question thereunder on the 26th of October, 1843, to John Mullen, and subsequently a conveyance was executed and delivered by the sheriff to the said John Mullen, dated February 1, 1845, and recorded August 28, 1848, which deed recites that by virtue of a sale under an execution, issued upon a judgment in the Supreme Court, docketed May 6, 1843, in favor of Charles O'Conner and Edmund S. Derry, against Michael Mullen and another, the sheriff sold the interest of the said Michael Mullen in and to the premises in question on October 26, 1843, to John Mullen, the highest bidder, and conveys all the interest Michael Mullen had on the 6th day of May, 1843, or at any time afterwards, in and to the one undivided fourth part of the premises in question.

John Mullen subsequently, on May 9, 1843, sold the property in question and the title comes through him. The execution said to have been issued in the said action and by virtue of which the sheriff claims to have sold the property, is not on file and cannot be found. There is no evidence of its ever having issued, and the book in the county clerk's office, wherein the return of execution is recorded, does not contain any evidence of the return of the execution in question. No evidence, secondary or otherwise, excepting the recitals in the certificates of sale and said deed, is offered of the issuing of the execution, and no proof of adverse possession of said property is presented.

Upon this state of facts the plaintiff claims judgment against the defendant, decreeing the specific performance of the agreement

of sale and purchase of said real estate. It seems to be settled that the party, claiming title under a sheriff's deed, must show a judgment and execution issued thereon. (*Anderson* v. *James*, 4 Robt., 37; *Phillips* v. *Schiffer*, 64 Barb., 556; *Leland* v. *Cameron*, 31 N. Y., 115–121.) This is conceded, upon the part of the plaintiff, but it is claimed that the recitals in the deed and the certificate of sale, are *prima facie* evidence of the issuing of the execution. That the recitals in the deed are not evidence of the issuance of the execution, seems to be recognized by the case of *Phillips* v. *Schiffer* (*supra*). In that case it was true that the execution was not produced, but the issuance was proved and evidence was given showing that the sheriff acted under its authority.

The recitals in the certificate of sale do not seem to be of any greater dignity in respect to the issuance of the execution than the recitals in the deed. It is claimed that the certificate of sale reciting the issuance of the execution is made presumptive evidence of the facts therein contained by section 44, 2 Revised Statutes, 370. That section provides that such original certificate, upon being proved or acknowledged in a manner required by law to entitle deeds to be recorded, or a copy of such original duly certified by the clerk in whose office such original is filed, shall be received as presumptuous of the facts therein contained. This language by itself would seem to sustain the contention of the plaintiff. But when read in connection with section 42, which prescribes what such certificate shall contain, it is found that there is no reference whatever made to the execution under which the sale is made. The provision is that the certificate shall contain first an accurate desription of the premises sold; second, the price bid for each distinct piece or parcel; third, the whole consideration money paid; fourth, the time when such sale shall become absolute, and the purchaser will be entitled to a conveyance pursuant to law.

It is to these facts, undoubtedly, that the provisions of section 44 apply, and their recital in the certificate must be received as presumptive evidence thereof. But as to facts, which are not necessarily contained in the certificate, the provisions of the section cannot apply. If there had been any proof whatever that an execution had been issued and a sale made thereunder, that the execution was in due form will be presumed from the fact that the law pre-

scribes its form.   But where there is no evidence of the existence of the execution at all, this rule has nothing to which it can attach.

Neither can the issuing of an execution be presumed from the fact of the sheriff having made a sale, ostensibly under an execution, upon the ground that there is a presumption that the sheriff must have had an execution or he would not have made the sale. This presumption seems to be in direct conflict with the rule laid down that the recitals in the deed form no evidence of the fact that an execution has been issued.

The plaintiff claims that, under section 1471 of the Code, as amended in 1886 (chap. 637), he is entitled to have the deed received as presumptive evidence of the facts therein stated.   It does not seem that this contention can be sustained, because the deed herein was executed long prior to the passage of the section in question, or of its amendment, and by section 3347, chapter 13, of which section 1471 is a part, applies only to executions issued and sales made after September 1, 1877.   It is true that the amendment of 1886 was passed subsequent to the enactment of section 3347 of the Code. But that part not having been amended, and by express enactment applying only to executions issued and sales made after September, 1877, because the legislation limiting the operation of the chapter has not been repealed, it cannot be held that the amendment has done away with the clause of limitatiom.

It is a familiar rule in the construction of amended statues, that the statute and its amendment should be read together as though originally enacted at one time.   The legislature, in its enactment in reference to chapter 13, were amending provisions which were to apply only to executions issued after this date, and the limitation in section 3347, as to the operation of chapter 13, had precisely the same effect as though it had been incorporated in the chapter itself.

Under these circumstances we think that no such title has been presented as justifies the court in decreeing a specific performance, and judgment should be rendered for defendant, with costs.

DANIELS and BARTLETT, JJ., concurred.

Judgment ordered for defendant, with costs.