### GOLDMAN v. BANTA.

*(Supreme Court, General Term, First Department. December 29, 1890.)*

VENDOR AND VENDEE—SUFFICIENCY OF TITLE—EXECUTION SALE—PRESUMPTIONS.

On a question of the validity of a title to land under a sheriff's deed, reciting that it was made upon a sale on execution, although the execution could not be found, there was proof of record that defendant in the execution subsequently identified before a commissioner of deeds the grantor in a deed conveying a portion of the premises, claimed to have been sold under the execution, and that, during more than 40 years, no claim had been made by such defendant or his representatives to the property. *Held*, that this was sufficient to raise a presumption of the issue of an execution, and a sale under it, and to make out a title free from reasonable doubt.

Appeal from special term, New York county.

Action by Julius Goldman against John Banta. From a judgment for plaintiff entered on trial by the court without a jury, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*John A. Mapes,* for appellant. *Jacob Steinhardt, (J. Alexander Koones,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to foreclose a lien for money advanced on the purchase price of land, and also to recover the expenses of searching title. In March, 1880, the defendant contracted to sell to the plaintiff a certain plat of land, and to give an unincumbered title to the premises by full covenant and warranty deed, subject only to a party-wall agreement. One thousand dollars was paid at the time of the signing of the contract, and upon examination, the plaintiff, having ascertained the fact that the title of a portion of the premises came through a sheriff's deed, and no execution having been found, brought this action to recover the amount paid, and the expenses of searching the title. The question as to the validity of this title was before this court in the case of *Goldman* v. *Kennedy,* 1 N. Y. Supp. 599.

That case was decided upon an agreed statement of facts.  It was contended that the recitals in the sheriff's deed, and in a certificate of sale, raised a presumption that an execution had been issued, and it was there held that these recitals could have no such effect, particularly as the statute provided what the certificate should contain, and that such certificate should be received as presumptive evidence of the facts therein contained.  The statute having thus defined as to what extent the certificate could be presumptive evidence, it seemed clear that it could not be claimed to be presumptive evidence of assumed facts stated therein, which had no warrant in the statute to be so included, and it was held that this being the sole proof, there was not sufficient evidence of the issuing of the execution.  That case differed from the case of *Leland* v. *Cameron*, 31 N. Y. 115, in that in the latter there was extrinsic evidence of the issuance of the execution.  In the proof in the case at bar, extrinsic evidence that the execution must have been issued, and a sale had thereunder, was also presented, in the fact that the defendant in the execution identified before a commissioner of deeds the grantor in a deed conveying a portion of the premises claimed to have been sold under this execution.  The defendant in the execution thus knew that others were dealing with the title to this property, of which he had been the owner, and of which it is claimed he was divested by a sale under an execution, and assented thereto, showing that he supposed that his title to the premises had been extinguished.  This proof is proof of record, and not contradicted.  It further appears that for over 40 years no claim whatever has been made by the defendant in the execution or his representatives to this property, and, in view of this circumstance, we think that there was sufficient evidence to show that the defendant in the execution believed his title had been extinguished by a sale under an execution, and that the purchasers at such sale acquired title thereto, from which the presumption necessarily arises that an execution was issued, and a sale had thereunder.  We think, therefore, in view of the additional facts presented to the court, that a title has been made out, which is free from reasonable doubt.  The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.  All concur.