(24 App. Div. 560.)

### BENTLEY v. FALKER.

(Supreme Court, Appellate Division, Third Department. January 5, 1898.)

1. CANCELLATION OF INSTRUMENTS—RESTORING CONSIDERATION.
　　Evidence that part of the money paid for an assignment of a mortgage was used to pay the owner's debt is admissible in an action by the owner to set the assignment aside on the ground that it was made without authority, and that the signature thereto was a forgery, since the owner would be liable in equity for the amount of the price used to pay his debt, even though the signature was a forgery.

2. PRINCIPAL AND AGENT—EVIDENCE OF RELATION.
　　Evidence that a part of the money paid for an assignment of a mortgage was used to pay the owner's debt at the suggestion of her husband is ad-

missible, in an action in equity by the owner to set the assignment aside on the ground that it was made without her authority, for the purpose of showing that the assignment was made by her authority.

3. EVIDENCE—BOOK ENTRIES—COMPETENCY.

All entries and memoranda made in the books of a bank in the regular course of business, in relation to deposits and payments of checks thereon, are competent evidence thereof, where the person who made them is dead, and would, at the time of the entries, have been a competent witness of the facts reported.

Appeal from trial term.

Action in equity by Maria C. Bentley against August Falker, impleaded, for the cancellation of an assignment of a bond and mortgage. From a judgment in favor of plaintiff, defendant appeals. Reversed.

On or about September 13, 1894, the plaintiff acquired by written assignment from L. M. Woodworth a bond and mortgage executed by one James E. Johnson to him to secure $2,200. She then paid to Woodworth the whole of the purchase price she was to give for the same, except the sum of $600, for which she gave him Bentley & Co.'s note, indorsed by herself. Subsequently, and on January 9, 1895, Falker, the defendant, received from Eben D. Bentley, the son of the plaintiff, such bond and mortgage, and the assignment to her, and a paper purporting to be a sale and assignment of the same to the defendant, duly executed and acknowledged by her, for which he paid to Eben D. Bentley the sum of $1,645 by a draft on New York for that amount. The receipt of such papers and the payment of such draft was the consummation of negotiations for the purchase of such mortgage that had for several days been pending between defendant and Eben Bentley. The paper purporting to be the assignment from the plaintiff to the defendant, Falker, of the bond and mortgage in question, was subsequently put upon record by him, and he has ever since claimed to be the owner thereof. This action is brought by Mrs. Bentley, in equity, asking for a decree requiring Falker to surrender to her the bond and mortgage, and the assignment from Woodworth to her, and directing that the instrument purporting to be an assignment from her to Falker be canceled of record, and that it be adjudged that such bond and mortgage is still her property. She makes this claim upon the ground that her signature to such alleged assignment, and the signature of the notary to the acknowledgment thereto, are forgeries, and that the transfer and delivery to Falker by her son was without her authority or consent. The trial court rendered a judgment in her favor, and from such judgment the defendant, Falker, brings this appeal.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

McGowan & Stolz, for appellant.
Gill, Stilwells & White, for respondent.

PARKER, P. J. Upon the trial of this action the defendant, Falker, offered to show by the books of one Lewiston Fairchild, a banker in the village of Cazenovia, where the plaintiff and her son resided, that on January 9, 1895, Eben Bentley deposited to his own credit in Fairchild's Bank the draft for $1,645 which the defendant gave to him for the bond and mortgage in question; that at the time he made such deposit he had only $93.94 to his credit; that immediately on that same day he drew upon said Fairchild his check for $602.25, payable to the order of L. M. Woodworth, and that it was subsequently paid by said banker, and charged against Eben Bentley's said account, composed of the $93.94 and the draft in question. Such books were excluded, and the defendant duly

excepted. It appears in the evidence that such check of $602.25, on the evening of the 9th of January, was received by Woodworth in payment of the note which the plaintiff had given for the unpaid balance of the purchase money she was owing him for the mortgage in question. And, if the facts which the books would have disclosed were also in evidence, it would appear that he was paid such debt from the money which Falker paid to Eben Bentley; that is, it would appear that the balance which the plaintiff owed Woodworth for the bond and mortgage in question had been paid with the defendant's money. This was an important and material fact for defendant to prove, because, if the assignment to him was a forgery, nevertheless, by the application of his money to the satisfaction of the amount still owing from plaintiff for the mortgage, he acquired an equity in the same, which she would be compelled to recognize and provide for in any judgment she might obtain in this action. Moreover, the application of such money to the payment of plaintiff's debt, in connection with the further fact, which the defendant offered to prove, that it was done at the suggestion of the plaintiff's husband, has a significant bearing upon the question whether the son was acting without her authority in transferring the mortgage. The evidence offered was, therefore, material, and, in my judgment, it was also competent.

It was shown that the banker, Fairchild, was dead, and therefore the offer came within the rule which is quoted from Phil. Ev. (Cowen & Hill's & Edwards' Notes) note 675, and stated in Leland v. Cameron, 31 N. Y. 120, to be as follows: "That all entries or memoranda made [by deceased persons] in their course of business or duty by any one who would at the time have been a competent witness of the fact which he registers, are competent." There are a large number of cases illustrating this rule, many of which are cited in the following: Arms v. Middleton, 23 Barb. 573; Fisher v. Mayor, etc., 67 N. Y. 73–77; Nichols v. Goldsmith, 7 Wend. 161, 162; Bank v. Carll, 9 Hun, 239–241. And the principle therein established is clearly broad enough to include the case before us. See, also, 1 Greenl. Ev. § 115; Steph. Dig. art. 27. It was error, therefore, to exclude this evidence; and, as such error was plainly prejudicial to the defendant, the judgment appealed from must be reversed.

Judgment reversed, and a new trial granted; costs to abide the event. All concur.