William T. Collins, S.
This is a motion to dismiss objection to probate filed by the alleged husband of decedent, a resident of the Philippines. Testatrix died a resident of New York, and in her will bequeathed her entire estate to an infant nephew of her husband. She had been separated from her husband for many years, and the proponent of the will questions his status on the ground that he obtained a divorce from testatrix in Manila, Philippine Islands. It is not possible to produce the divorce decree since most court records were destroyed in the American liberation of that city from the Japanese during World War U. It has been established, how *119 ever, by testimony here, by documentary proof and by deposition that the husband actually started a divorce proceeding, that his attorney is dead, that in the ordinary course such an uncontested action would have proceeded to judgment, that he remarried and that in his application for a marriage license he stated that he had been divorced. He now contends that the proceeding was not culminated and in effect admits to bigamy. He asserts that he fell in love with his present wife and in the stress and confusion of war, made an untrue statement; that he thought that perhaps his wife had obtained a divorce from him. His counsel vigorously argues that in order to prove the contents of a lost document its actual and prior existence must be shown, that the court must not sit in judgment on the morals of respondent, but should decide the matter in strict accordance with legal principles.
It is true that the single issue before the court is whether or not decedent had been divorced by the respondent. The court is of the opinion that there is sufficient in the record to establish that she was. The salient point is that respondent did not merely state in his application to remarry that he was divorced. His exact words were, that his previous marriage was dissolved “by decree of divorce granted by Judge Endencia — June, 1943.” By affidavit and deposition, this same Judge has stated that while he has no independent recollection of the matter, in the ordinary course such a proceeding would have gone to final decree.
The statement in respondent’s application for a marriage license is not explained away by his present assertion that he thought his wife may have secured a divorce from him. His admission in his application to remarry, that the marriage had been terminated by divorce is tantamount to an assertion that he had seen the decree dissolving his marriage. There can be no stronger reason advanced for failure to produce the decree itself than that the court records were destroyed in a conflagration resulting from armed conflict. Under these circumstances the court may resort to common-law proof to establish the existence of the lost judgment. (Civ. Prac. Act, § 344; Newins v. Newins, 13 N. Y. S, 2d, 377.) The court will take judicial notice of the conditions which obtained in the Philippines during war times. (Swinnerton v. Columbian Ins. Co,, 37 N. Y. 174; Newins v. Newins, supra.)
This is not a case where a party is trying to prove the contents of a lost document and must prove its existence first. We know what the decree in an uncontested divorce action must have contained, namely, a severance of the bonds of *120 matrimony. As stated in Leland v. Cameron (31 N. Y. 115) involving proof of a lost execution, the court inferred the contents from the facts and assumed that it was in proper form containing all statutory directions.
In Mandeville v. Reynolds (68 N. Y. 528) the action was upon a judgment alleged to have been entered upon the confession of defendant. The judgment roll itself could not be produced but the Court of Appeals affirmed a judgment in favor of plaintiff holding that sufficient secondary evidence had been presented to convince it of the facts. The court stated at page 533: “ The first question for our consideration arises upon the fact that the plaintiff was unable to produce, upon the trial, the judgment roll upon which the judgment was entered and docketed. It was incumbent upon him to do this if it was not lost or destroyed. If it was lost or destroyed he had the same right to give secondary evidence of the contents of it as in the ease of any other instrument in writing incapable of production for those reasons; (Renner v. P. D. and Co. Bk. of Col., 9 Wheat., 581; Leland v. Cameron, 31 N. Y., 115.) This was a paper which it was the duty of the county clerk to have and to keep on deposit, in his official possession, at his public office; (Code, §§ 281, 282.) In such case, if the paper is not found in the particular place provided for the deposit of it, the presumption is that it is lost or destroyed; (Rex v. Stourbridge, 8 B. & C., 96.)
‘ ‘ In accordance with this rule John Gr. Copley, the county clerk of Chemung county, was called as a witness, and testified that he had made diligent search in the clerk’s office, and had been unable to find the paper. This testimony warranted the presumption above stated, and made a case for the introduction of secondary evidence of the former existence of the paper and of its contents. Of which evidence it is to be said that, it must be the best that the party has in his power, while every case must depend in a great measure upon its own circumstances; (9 Wheat., supra.) ”
The evidence consisted of testimony from a former court clerk that although he had no recollection of the matter, the entry in the judgment book must have been made by him with something to found it on and must have been upon a confession. There was also proof that defendant had stated his intention of making a confession of judgment. The court further stated at page 535: “ I think that the existence of some roll or statement is fully made out; I think, too, that it was a roll or statement made up upon a confession of judgment. Such was the effect of the declarations of the defendant, that he was ‘ going *121 to make a confession of judgment.’ Babcock, the ex-clerk, testifies that it must have been a confession, or he would not have entered it.”
The court further stated at pages 536-537: “It is claimed that the declarations of the defendant that there had been a judgment confessed, and that for a pre-existing debt, were not admissible as evidence on the question. The cases cited by the defendant are where the paper on which the action was based was still in existence and could have been produced. It may well be that in such case the admissions of the party to be charged by virtue of it will not be allowed in place of the paper itself. The other party does not bring the best evidence in his power. Here it was shown that the paper was lost or destroyed. Secondary evidence, evidence by parol, the best which.the plaintiff could get, was admissible.”
In the instant case the fact that there was a decree of divorce is the point at issue, and the court holds that proof of the starting of the action, that it was uncontested, that the attorney for plaintiff is now dead and unable to testify, that the Judge states that in the ordinary course it would have gone to decree, that the records themselves cannot be produced because of destruction in the war, coupled with not only admissions on the part of respondent to members of the family but naming the very Judge who granted the decree constitutes a conclusive presumption that there was such a divorce. Respondent attacks as unworthy of belief the testimony of his brother Enrique Gonzalez that he was shown the decree by respondent. The court will take his testimony as corroborative of all the other facts above stated.
In Matter of Dugro (261 App. Div. 236, affd. 287 N. Y. 595) it was held that an alleged illegitimate child had sufficiently upheld the burden of proof to establish legitimacy by establishing the ceremonial marriage of its parents, and it was incumbent upon the party claiming otherwise to show that a prior marriage of one of the parents was still in existence. The court stated that there was a presumption of validity in favor of the second marriage and a presumption that the first had been terminated by divorce or otherwise. Other cases are cited to the same effect, including Matter of Meehan (150 App. Div. 681). Here we have the anomalous situation of respondent trying to attack his own ceremonial second marriage in order to obtain a share of his wife’s estate, in the face of his own admission that he had obtained a divorce from her, substantiated by the best proof that petitioner can offer, under all the circumstances.
*122 There is some contention on the part of respondent that the divorce which he had obtained was invalid because the court did not have jurisdiction over the person of the deceased, his then wife. Whether or not the decree would be entitled to full faith and credit in the courts of this State is not material to the issue, for a person obtaining a foreign divorce is bound by it and cannot question its validity in order to share in his or her deceased spouse’s estate. (Decedent Estate Law, § 87; Matter of Rathschek, 300 N. Y. 346; Starbuck v. Starbuck, 173 N. Y. 503.)
For the reasons stated the court holds that the respondent is not a person interested in the estate and hence may not file objections under the provisions of section 147 of the Surrogate’s Court Act. The motion to dismiss his objections is accordingly granted.
Submit order on notice.