Jackson, *ex dem.* Dunbar and others, *against* Todd.

A deed for a military lot of land, in the county of *Onondaga,* dated in *June,* 1794, and proved the 5th of *September,* 1797, in the manner prescribed by the act of the 11th *February,* 1797, relative to the proving and recording of deeds, was held sufficiently proved to be recorded; and a transcript of the record of such a deed so proved, may be read in evidence. Evidence by a person that he had delivered a deed to the clerk of the county to be recorded, and that search had been made in the clerk's office, and that it could not be found, is not sufficient evidence of the loss of a deed, to entitle the party to read a copy in evidence, unless it be shown, that the deed was never re-delivered by the clerk.

THIS was an action of *ejectment,* for a lot of land, in the township of *Marcellus,* in the county of *Onondaga.* The cause was tried at the *Onondaga* circuit, on the 4th *June,* 1806, before Mr. Justice *Livingston.*

At the trial, the plaintiff produced in evidence, the patent for the lot in question, to *William Dunbar,* dated the 8th *July,* 1790, and a deed from him to *Zebulon Macey,* for the same lot, dated the 8th *March,* 1784, which had been duly acknowledged and recorded. He then offered a transcript of a record of a deed from *Macey* to *Zephaniah Platt,* dated the 23d *June,* 1794, by which he released and quit-claimed to him, all his right and title to the lot in question. This deed was proved, the 5th *September,* 1797, before a master in chancery, whose certificate was indorsed on the deed, as follows:

" Before me," &c. " came *William Thorn* of *Dutchess* county, and I, knowing him to be the subscribing witness to the within deed, and having satisfactory evidence that he knew *Zebulon Macey,* who executed the within deed, by the affirmation of the said *William,* who declares that he knows the said *Zebulon,* and that he is the same person described in the said deed, and the said *William* being thereupon duly affirmed, says, that he saw the said *Zebulon* execute the said deed," &c.

The deed was recorded in the office of the clerk of *Onondaga,* the 11th *September,* 1798.

The counsel for the defendant, objected to the reading of the transcript of the record of this deed, because the proof was insufficient, and not made according to law, so

as to entitle it to be recorded. The judge considering the objection well founded, rejected the transcript. The attorney of one of the lessors of the plaintiff was then called to prove the loss of the original deed, who testified, that by request of one of the lessors of the plaintiff, he made inquiry at the office of the clerk of *Onondaga*, for the original deed, which had been left there to be recorded, and that he and the clerk made diligent search in the office, but could not find the deed.

The plaintiff further offered to prove, that the original deed was produced and proved before the *Onondaga* commissioners, and that the contents were the same as the transcript then produced; this was objected to, but the objection was overruled by the judge.

*Vincent Matthews*, esq. late one of the *Onondaga* commissioners, was then called as a witness, who said, that the attorney of *Platt*, one of the lessors of the plaintiff, in *October*, 1799, produced to the commissioners a deed from *Zebulon Macey* to *Zephaniah Platt*, which he believed to be of the same tenor as the transcript then produced, though he could not be positive in his recollection.

It appeared, also, that the persons under whom the defendant claimed the lot of land in question, were parties to the litigated title to the lot, before the commissioners. The judge was of opinion, that there was sufficient evidence of the existence and contents of the deed, and of its being lost ; and the jury found a verdict for the plaintiff.

A motion was made to set aside the judgment and for a new trial :

1. Because, the judge was not correct in deciding that sufficient evidence had been given of the existence and loss of the deed from *Macey* to *Platt*.

2. Because, he was incorrect in ruling, that sufficient evidence of the execution and contents of the deed had been given.

*Gold*, for the defendant. There was no proof of the execution of the deed from *Macey* to *Platt*. *Matthews,*

who was called to prove that the original deed was produced before the *Onondaga* commissioners, is entirely silent as to its execution ; nor was there any evidence of its being before the jury. If the deed was not so proved as to allow it to be recorded, the transcript could not be read in evidence.

The case of *Jackson*, ex dem. *Ramson & Roe*, v. *Shepard*,[\*] is in point. The act of the 8th *January*, 1794,[†] required all deeds for military lands before executed, to be deposited with the clerk of *Albany*, who was to deliver them over before a certain time, to the clerk of *Onondaga* county, and provides that they shall be considered as recorded, from the time they are so delivered. The deed in question was executed *June* 23d, 1794, since the passing of that act, and it was necessary that it should be regularly proved and recorded, according to the general act for the registry of deeds.

Again, there was not sufficient evidence of the loss of the deed. The clerk of the county of *Onondaga* was not called as a witness ; and it may be, that he delivered it again to the grantee, or to some other person. *Matthews* testifies that there was a deed which he believed to be similar to the transcript ; but he was not positive, and he gave no evidence of its execution. This is too slight evidence of the contents of the deed, supposing it to be lost.

*J. Tallmadge*, contra. The act of 1794, was repealed by the revised act of the 6th *April*, 1801,[‡] and according to the doctrine contended for, on the part of the plaintiff, deeds executed prior to that date cannot be recorded. The deed was duly proved according to the act of the 11th *February*, 1797, and the 5th section of the act of the 12th *February*, 1798, relative to deeds for lands in *Onondaga*, refers to and recognises the act of the 11th *February*, 1797, as to the mode of acknowledgment and proof; and allows deeds so acknowledged or proved, to be recorded. This was a virtual repeal of the act of 1794, as to the recording of such deeds. The deed, then, having been du-

* 2 *Johns*. 77.
† 7 sess. c. 1.

‡ *Rev. Laws*,
v. 1. p. 460.

ly proved and recorded, the transcript ought to have been received in evidence.

But if the transcript was not of itself evidence, yet when connected with the parol proof, there was sufficient evidence from whence to infer the existence of the deed, its due execution, and subsequent loss.

VAN NESS, J. Admitting that the transcript of the record of the deed from *Macey* to *Platt*, ought not to have been admitted in evidence, there ought, notwithstanding, to be a new trial, unless the evidence given of the loss, execution, and contents of the original deed, entitled the plaintiff to a verdict. The transcript was not in evidence ; and, consequently, the defendant has had no opportunity to contest its validity, which it was competent for him to do, notwithstanding it may have been duly ac-knowledged and recorded. Had it been produced in evi-dence, he might, perhaps, have proved it to be a forgery, or that it had been obtained by a fraud or imposition, or have shown some other fact which would have rendered it void or inoperative ; or he may have a good and perfect title to the lot in dispute. I am of opinion that the deed from *Macey* to *Platt* was duly proved and recorded, and that the transcript offered on the trial ought to have been ad-mitted in evidence. But for the reasons I have men-tioned, that will not help the plaintiff. The question, then, is, whether the other testimony given on the trial, enti-tles the plaintiff to retain his verdict. I think not. The general rule is, that where a party is permitted to give parol evidence of the contents of a deed, or other writing, he must first prove the original to be lost or destroyed.

The party claiming under a conveyance, is presumed to have the custody of it. For aught that appears, the deed in question, may, at the trial, have been in the posses-sion of the lessors of the plaintiff, or one of them ; they ought, at least, to have shown, as far as it was in their power, that such was not the case.

Had the clerk been examined, he might, perhaps, have proved, that the deed had been found subsequently to the time of the search made by *Walter Wood.* The lessors of the plaintiff ought to be held to strict proof on this subject, for they may, for improper purposes, have withheld the original deed. But however this may be, there is another, and, as I think, an insuperable objection to the plaintiff's right to recover on this evidence.

The execution of the deed by *Macey,* is not proved by any of the witnesses. The transcript having been excluded, no evidence of the execution of the deed arising from it, can be taken into consideration. Neither *Wood* nor *Matthews* knew any thing about the execution of it ; and taking it for granted, that there was sufficient evidence of the contents of the paper mentioned by *Matthews,* it is not shown that that paper was the deed of *Macey.*

I am, therefore, of opinion, that there ought to be a new trial.

SPENCER, J. Two questions were made on the motion for a new trial.

1st. That the proof of the loss of the deed from *Zebulon Macey* to *Zephaniah Platt,* was incompetent ; and, if otherwise, that there was no proof of the contents of the deed.

2d. That the transcript of the record offered in evidence was correctly overruled, the same not having been authenticated as the law required.

I think it was sufficiently proved, that the deed in question had been in the hands of *Walter Wood,* and, afterwards, in the hands of the clerk of *Onondaga ;* but there is no proof that he had not re-delivered it, after it was recorded. The evidence of a search in the office, would not tend to create any presumption of its being lost, unless it was proved that it was not re-delivered. But there is no proof of its execution, nor of its contents, independently of the probate indorsed on the deed. If it had been proved before the *Onondaga* commissioners, of which there is no evidence, it would not be competent to give that proof

in evidence, unless the witnesses were dead. Mr. *Matthews*, the commissioner, does not take upon himself to say, that the deed before him comported with the transcript. The evidence, therefore, was improperly admitted.

There is some confusion in the acts relating to the proof or acknowledgment of deeds for lands lying in the military tract. The act of the 8th *January*, 1794, inhibits the recording of any deed for military bounty lands, unless it be acknowledged by the party making it ; and the officer who takes the acknowledgment, is required either to have personal knowledge of the grantor, or proof of his identity. The act of the 11th *February*, 1797, is general in its nature, making no exceptions as to the military bounty lands, and prescribes the method of acknowledgment and proof of deeds, without any reference to their date, so as to guard against forgery, or a personating of the grantors. The 5th section of the act of the 12th *February*, 1798, declares, that no deed executed on or before the 1st day of *May* antecedent, relating to any lands in *Onondaga* county, shall be thereafter registered or recorded, unless it be acknowledged or proved, according to the act of the 11th *February*, 1797. In the 8th section of the act of the 6th *April*, 1801, it is provided, that so much of the act of the 8th *January*, 1794, as provides for the acknowledgment or proof of deeds in a manner different from the provisions of that act shall be repealed, so far as respects conveyances thereafter to be made.

The deed in question was executed on the 23d day of *June*, 1794, and was proved on the 5th *September*, 1797, according to the directions of the act of the 11th *February*, 1797. The 5th section of the act of the 12th *February*, 1798, by prohibiting the recording of deeds, unless proved as this deed is, virtually repealed the act of the 8th *January*, 1794, and the subsequent repeal of so much of that act, as provided for the proof or acknowledgment of deeds different from the provisions in the act of the 6th *April*, 1801, so far as respected future conveyances, cannot, by any just construction, qualify or de-

ALBANY,
August, 1808.

Jackson
v.
Todd.

rogate from the legal operation of the act of the 12th February, 1798.

I am, therefore, of opinion, that the deed in question was well proved and recorded, and ought to have been permitted to be read. But as the transcript of the record was not admitted in evidence, and the plaintiff obtained a verdict on incompetent proof, lest the defendant, relying on his objection to that proof, may not have exhibited his defence, there must be a new trial, with costs to abide the event of the suit.

KENT, Ch. J. After a careful analysis of the several acts relative to the military bounty lands, I am not able to concur in the opinion, that the deed from *Macey* to *Platt* was duly proved and acknowledged. I am happy, however, that my brethren have seen reason to put a different construction upon those acts, because the one they have adopted is more convenient, especially where the original grantor is dead.

On the second point in the case, I have also been of a different opinion from the one given, and it was, in some measure, a consequence from that adopted on the first point.

Under the peculiar circumstances in which those deeds were placed, by the construction which the judge adopted at the trial, (and which I think the true one,) the parol proof appeared to me sufficient to let in the transcript from the record, as a copy of a lost deed. But I wish not to press this point more than the other, as the case cannot well occur again. The marks of authenticity which the copy received from the fact of its being recorded, though not sufficient to render it, *per se*, evidence, yet gave it a weight in the scale of evidence which no other copy could have received, and warranted an inference from slighter circumstances than are requisite in ordinary cases, of the existence, proof, and loss of the original.

THOMPSON, J. and YATES, J. not having heard the argument of the cause gave no opinion.

New trial granted.