## SUPREME COURT.

### ELIZA C. HALL agt. LUCIEN AYER.

It is irregular to issue an execution against the body, before the execution against the property is *returned*.

The omission of the sheriff to indorse upon an execution the proper *return* before

it is filed, is amendable *nunc pro tunc* after the filing; but he must pay the costs of the motion.

Where the parties agreed to settle by releasing claims against each other, and the plaintiff gave the defendant a consent that the judgment be satisfied *on payment of costs,* and it appeared that the judgment was entered up without costs, but the plaintiff had agreed with his *attorney* that his compensation should be $200 out of the amount recovered.

*Held,* that the defendant was bound to pay what the attorney was entitled to under the agreement, $200, as the terms of the settlement was equivalent to *notice,* and sufficient to put him on inquiry as to the amount of the costs. (*So much of the case of Haight* agt. *Holcomb,* 16 *How. Pr. R.,* 173, *as limits the attorney's lien to the costs in the judgment, has been virtually overruled by the case of Rooney* agt. *Second Av. R. R. Co.,* 18 *N. Y. R.,* 368.)

*New York Special Term, October,* 1859.

Motion to set aside execution against the person, and to satisfy the judgment of record. The facts sufficiently appear in the opinion of the court.

Ingraham, Justice. It was irregular to issue an execution against the body before the execution against the property was returned. The execution appears to have been filed, but the sheriff omitted to indorse upon it the proper return. This error, however, is amendable, and as it is the fault of the sheriff rather than the attorney, he should be allowed to indorse the return *nunc pro tunc* on payment of the costs of the motion.

It is also urged as a ground for denying this motion upon the merits, that the settlement was in fraud of the attorney's claim for costs.

The parties agreed to settle by releasing claims against each other, and the plaintiff gave the defendant a consent that the judgment be satisfied on payment of costs. The judgment was entered up without costs, but the plaintiff had agreed with his attorney that his compensation should be $200 out of the amount recovered. The defendant insists that as no costs were included in the judgment, he was not liable for anything, and asks that the judgment be satisfied.

In *Haight* agt. *Holcomb* (16 *How. Pr. R.,* 173) it was said

that the attorney's lien only extended to such costs as appeared on the judgment roll, and did not embrace an amount which the attorney and his client had agreed upon as an additional compensation.

That case only referred to a judgment which contained the costs, and in which it was held that the attorney's lien for costs could not be taken away by a settlement of the client, even where no notice had been given of the attorney's claim. But so much of it as limited the attorney's lien to the costs in the judgment, has been virtually overruled by the court of appeals, in *Rooney* agt. *Second Avenue Railroad Company* (18 *N. Y. R.*, 368), where it was held that in a case where the party had notice, the attorney had a lien not only for the taxable costs, but also for any portion of the damages which the party had stipulated the attorney should receive by way of compensation. Mr. Justice HARRIS says: " Where there has been an agreement for more or less than that sum (the taxable costs), the amount which by agreement he is to receive, will determine the extent of his lien." And Mr. Justice COMSTOCK says : " If there is a special agreement, that will take the place of the pre-existing statutory rates."

The plaintiff and his attorney here agreed on two hundred dollars as the compensation. The defendant settled the damages recovered in the judgment on condition of payment of the attorney's costs. This is equivalent to notice. The defendant should have ascertained what the attorney's costs were before settlement. Having agreed to pay them as a condition of the release, he is bound to pay what the attorney was entitled to under the agreement between him and his client.

This motion must be granted, unless the plaintiff, within five days, obtains a return to the execution against the goods, &c., of defendant, to be indorsed thereon (which the sheriff may do *nunc pro tunc*), and pay the costs of the motion, $10.

In case such return is made, the motion is granted on payment to the plaintiff's attorney of $200.