Vah Brunt, P. J.
On March 29,1888, the plaintiff ■entered into a contract with one Carrie S. Kennedy, whereby he agreed to sell certain premises in the city of New York, for a certain price therein mentioned, the deed for which was to be delivered on or before April 28,1888. The purchaser ■declined to complete the contract, and rejected the title to the property for the following reasons :
- From 1835 to 1839 the title of the property was in one •Joseph Alexander. By deed, dated December 6, 1839, recorded June 20, 1840, Alexander and wife conveyed to •one Michael Mullin, one undivided fourth' part of the property in question, together with other property. On May 6, 1843, a judgment was docketed in the supreme court in favor of Chas. E. O’Connor and Edmund S. Derry, against the said Michael Mullin' and another. Thereafter an execution is said to have been issued to the sheriff of the city and county of New York, by virtue of which, said sheriff purported to sell the interest of said Michael Mullin in and to said property. The sheriff filed his certificate of sale in November, 1843, as required by law, which certificate recited the issuing to him •of an execution on said judgment, and a sale of the premises in question thereunder, on October 26,1843, to John Mullin, ■and subsequently a conveyance was executed and delivered by the sheriff to the said John Mullin, dated February 1, 1845, and recorded August 28,1848, which deed recites that by virtue of a sale under an execution issued upon a judgment in the supreme court, docketed May 6, 1843, in favor •of Charles O’Connor and Edmund S. Derry against Michael Mullin and another, the sheriff sold the interest of the said Michael Mullin in' and to the premises in question, on October 26, 1843, to John Mullin, the highest bidder, and ■conveys all the interest Michael Mullin had on May 6, 1843, •or at any time afterwards in and to the one undivided fourth part of the premises in question.
*365 John Mallín subsequently, on May 9,1843, sold the property in question, and the title comes through him. The execution, said to have been issued in the said action, and by virtue of which the sheriff claims to have sold the property, is-not on file, and cannot be found. There is no evidence of its ever having issued, and the book in the county cleik’s office,, wherein the return of executions is recorded, does not contain any evidence of the return of the execution in question. No evidence, secondary or otherwise, excepting the recitals-in the certificate of sale and said deed, is offered of the issuing of the execution, and no proof of adverse possession of said property is presented.
Upon this state of facts the plaintiff claims judgment against the defendant, decreeing the specific performance of the agreement of sale and purchase of said real estate.
It seems to be settled that a party claiming title under a sheriff’s deed, must show a judgment and execution issued thereon (Anderson v. James, 4 Robt. 37; Phillips. Shiffer, 14 Abb. Pr. N. S. 101; Leland v. Cameron, 31 N. Y. 115-121).
This is conceded upon the part of the plaintiff, but it is claimed that the recitals in the deed and the certificate of sale are prima, faoie evidence of the issuing of the execution. That the recitals in the deed are not evidence of the issuance of the execution, seems to be recognized by the case of Phillips v. Shiffer (supra). . In that ease, it is true that the execution was not produced, but its issuance was proved and evidence was given, showing that the sheriff acted under its authority. '
The recitals in the certificate of sale do not seem to be of any greater dignity in respect to the issuance of the execution, than the recitals in the deed.
It is claimed that the certificate of sale reciting the issuance of the execution is made presumptive evidence of the facts therein contained, by section 44, 2 Bev. Stat. 370. That section provides that such original certificate upon being proved or acknowledged in the manner required by *366 law, to entitle deeds to be recorded, or a copy of such original, duly certified by the clerk in whose office such original is filed, shall be received as„ presumptive evidence of the facts therein contained. This language by - itself would seem to sustain the contention of the plaintiff. But when read in' connection with section 42, which prescribes what such certificate shall contain, it is found that there is no reference whatever made to the execution under which the sale is made. The provision is that the certificate shall contain : First, an accurate description of the premises sold; second, the price bid for each distinct piece or parcel; third, the whole consideration money paid ; fourth, the time when such sale shall become absolute, and the purchaser will be entitled to a conveyance pursuant to law.
It is to these facts undoubtedly that the provisions of section 44 apply, and their recital in the certificate must be received as presumptive evidence thereof. But as to facts which are not necessarily contained in the certificate, the provisions of the section cannot apply. If there had been any proof whatever that an execution had been issued, and a sale made thereunder, that the execution was in due form will be presumed from the fact that the law prescribes its form. But where there is no evidence of the existence at all, this rule has nothing to which it can attach.
¡Neither can the issuing of an execution be presumed from the fact of the-sheriff having made a sale, ostensibly under an execution, upon the ground that there is a presumption that the sheriff must have had an execution or he would not have made the sale. This presumption seems to be in direct conflict with the rule laid down, that the recitals in the deed form no evidence of the fact that an execution has been issued.
The plaintiff claims that, under section 1471 of the Code, as amended in 1886, he is entitled to have the deed received as presumptive evidence of the facts therein stated. It does not seem that this contention can be sustained, because the deed herein was executed long prior to the passage of *367 the section in. question or its amendment, and by section ■3347, chapter 13, of which section 1471 is a part, applies -only to executions issued, and sales made after September 1, 1877.
It is true that the amendment of 1886 was passed subse•quent to the enactment of section 3347 of the Code. But that part not having been amended, and by express enactment applying only to executions issued and sales made after September, 1877, because the legislation limiting the operation of the chapter has not been repealed, it cannot be held that the amendment has done away with the clause of limitation.
It is a familiar rule in the construction.of amended statutes, that the statute and its amendment should be read together, as though originally enacted at one time. The Legislature, in its enactment in reference to chapter 13, were •amending provisions which were to apply only to executions issued after this date, and the limitation in section 3347, as to the operation of chapter 13, had precisely the same effect -as thougli it had been incorporated in the chapter itself.
Under these circumstances we think that no such title has been presented as justifies the court in decreeing a spe•cific performance, and judgment should be rendered for defendant, with costs.
Babtlett and Daniels, J.J., concurred.
Judgment accordingly.
Note on Proving Lost Records.
I.

Amending the file by supplying what is lost.

It is provided by section 726 of the Code of Civil Procedure, that ** Where an original pleading or paper is lost, or withheld by any ■person, the court may authorize a copy to be filed and used instead of ¡the original.”
The following cases illustrate the practice:
White ». Lovejoy, 3 Johns. 447. Where a fieri facias, after it had been levied, was burnt by accident in the house of the deputy-sheriff, *368 the court on motion ordered a new fieri facias to he made out andi delivered to the sheriff.
#
Low v. Little, 17 Johns. 346. The writ in a qui tarn action, on the statute against usury, having been lost, the court refused to allow a return "of non est inventus to be filed nunc pro tunc, and an alias to. be issued, although the limitation had run.
Ohichester v. Cande, 3 Cow. 89. Where execution was issued upon, a judgment signed, and mailed to the cleric to be filed, but never received by him; and thereupon, together with subsequent executions-of other judgment creditors, having notice of plaintiff’s execution, levy and sale was made, and the proceeds paid over, under order of court, Held, on motion to require plaintiff’s to repay the moneys, and give the other judgment creditors preference, because he had no judgment, that the moneys had passed beyond the power of the court, and could not be recalled on that motion ; the defect was amendable under the-circumstances (Close v. Gillespie, 3 Johns. 526); and plaintiff might file his record nunc pro tunc.
In Jackson ex dem. Smith v. Hammond, 1 Cai. 495, on an affidavit stating that a verdict had been, in 1792, taken for the plaintiff, subject, to the opinion of the court, on a case agreed on between the parties, on which judgment had been given in 1798, for the plaintiff, and also, that the nisi prius record and issue roll were not to be found in the-office of the clerk off this court, nor the nisi prius record among the papers of the former clerk of the circuit in which the cause was tried, and if left with the plaintiff’s attorney, had been burnt or lost, leave was given to make up and file a new nisi prius record, with & postea to be endorsed thereon, conformable to the minutes of the trial, and, also to enter up judgment, and issue execution for the plaintiff, according to the opinion of the court in 1798.
Bradford v. Read, 2 Sandf. Ch. 163. In a creditor’s suit the answer denied the return of execution, which, in fact, had been lost after the sheriff had endorsed his return and mailed the writ to the clerk. Held, that proof that the supreme court, on complainant’s ex parte motion, ordered a new writ, with the return indorsed, to be filed nunc pro tunc, and the production of an exemplification of the writ so returned, was-conclusive; and that this court would not pass upon the objection that the rule was obtained ex parte. Decree for plaintiff.
Faust v. Echols, 4 Cold. (Tenn.) 396. Order supplying a lost judgment. The plaintiff recovered a judgment against the defendants, which was placed on record, but destroyed by the burning of the court-house. The court below ordered that said record be supplied—' said judgment set up, and that execution issue. Held, that a judgment. *369 once recovered, remains in force until satisfied; and that as there was proof below that the judgment was recovered, and the record destroyed,, the order supplying the judgment was proper. Judgment affirmed.
Me Lendon v. Jones, 8 Ala. 298 ; s. c., 42 Am. Dec. 640. Proceeding to establish judgment record lost by fire. Notice was given to the judgment debtor, as appears by the return of sheriff to the service. The court below made the order of substitution. On appeal» held, error; because the notice was defective, as not containing a sufficient description of the record proposed to be made anew. The court, however, say: [citing Dozier, v. Joyce, 8 Port, 303; Williams v. Powell, 9 Id. 493; Wilkerson v. Branham, 5 Ala. 508: Douglass v. Yallop, 2 Burr. 722; Jackson ex dem. Smith v. Hammond, 1 Cai. 495; White v. Lovejoy, 3 Johns. 447] "It seems clear that judgment rolls and entries may be substituted, when the original records are lost, and that the matters thus substituted, by order of the proper courts, become records of equal validity to those which are destroyed.
“ The manner of correcting the loss appears to be, to show by affidavit, what the records contained, the loss of which is to be supplied. 0f course the substitution can only be made after a personal notice of the intention to move the court, and this notice should be sufficiently explicit to advise the opposite party of what is intended; and such also as will enable him to controvert the affidavits submitted in support of the motion. If the affidavits are met with denials, by counter affidavits, it will obviously be necessary to proceed with the utmost caution; and when the evidence leaves ths matter doubtful or uncertain, the motion ought to be denied. ” Judgment reversed.
Walton v. McKesson, 64 N. C. 77. Action on a judgment. The complaint alleged a recovery of the judgment; that the record thereof was destroyed in the war, but that plaintiff had a certified memorandum of said judgment, under the hand of the clerk, showing its date and amount, which he stands ready to produce, together with other proof, if necessary, as evidence of his debt. The defendant demurred, but the demurrer was overruled. Held, error: that the plaintiff’s remedy was by motion upon notice, in the original suit, to have a record made of the judgment, in place of that which was destroyed; and then to offer the record in evidence in this suit. Judgment reversed.
Fleece v. Goodrum, 1 Duv. (Ky.), 306. Motion that an execution issue upon a judgment, the record of which had been destroyed by fire. The court below dismissed the motion on the ground of the insufficiency of the service of the motion. On appeal, held, that service was properly made. The court also held, that the evidence was sufficient *370 to establish the existence of the judgment and destruction of the , record (the opinion, however, does not disclose this evidence), and the court should have supplied this lost record, and then ordered execution. Judgment reversed.
Fisher v. Seiver, 6 Chic. L. News, 11. The bill set, forth the recovery of a judgment, the destruction of the record by fire, and that no execution had issued; and prayed that defendant bo decreed indebted for the amount of the judgment to the complainant, and pay the same or execution issue. Held, that some ground, besides the mere loss of the instrument, to justify the interposition of a court of equity, was necessary, and that the remedy was by motion in the'court which rendered the lost judgment. Bill dismissed.
Newcomb v. Drummond, 4 Leigh (Va.), 57. Action upon a judgment. The defendant pleaded that an appeal from the judgment had been taken, but before it could be prosecuted the record had been destroyed by a fire in the clerk’s office, and asked at the trial that the court instruct the jury that the action could not be maintained. This - was refused, and the jury were instructed that the judgment was evidence of the plaintiff’s demand. Held, that the action would lie; that it was no bar that an appeal had been taken, as the. destruction of the record rendered the action a proper one, because the appeal could not be prosecuted. Judgment affirmed.
There are a number of decisions in Illinois arising under what is known as the “Burnt Record Act of 1872,” passed after the Chicago Fire of 1871, which was an act providing for the restoration of the records destroyed by that.fire, by petition, either to establish title or any lien (Ill. R. S. 1874, c. 116).
Bertrand v. Taylor, 87 Ill. 235, holds that the act is constitutional. The following cases show the practice :
Mulvey v. Gibbons, 87 Ill. 367. When the petition is to establish title, the court is empowered to inquire into and establish the title by decree.
Robinson v. Ferguson, 78 Ill. 538. The court is authorized to decree in favor of the better title, in case of a dispute as to ownership.
McCabe v. Porter, 73 Ill. 244. Upon an application to restore a judgment in ejectment, the objection was that the court heard no evidence. A demurrer to the petition had been overruled.—Held, not ■necessary to preserve the-evidence, as it was simply, the duty of the .court if ^satisfied, upon the hearing, of the truth of the statements in ithe petition, to make an order reciting the substance and effect of the Host record, and the failure of the appellant to bring- up a bill of exceptions to the sufficiency of the evidence, was fatal.
*371 Harris v. Lester, 80 Ill. 307. Where a notice by publication and the certificate of publication in a proceeding by an executor to sell lands are lost, an order of the court pursuant to the “Burnt Record Act,” substituting copies without notice to all the parties affected thereby, and on eco parte affidavits,—Held, a nullity and not binding.
Chickering v. Fullerton, 90 Ill. 520. In an action to foreclose a mortgage, the papers in the suit were destroyed by the fire. The complainant restored his bill to the files, but did not join as defendants, certain purchasers, pendente lite, from the mortgagors. These purchasers filed a petition, setting forth that, prior to the burning of the records, they had been made defendáis by order, on a petition filed for that purpose, and asked to be again made defendants. This was denied, but leave was given them to file a supplemental bill. An objection that the files had not been sufficiently restored,—Held, untenable: that whatever interest the purchasers had in the property was acquired pendente lite, and they could as well defend in their grantor’s name as in their own; that it was immaterial whether they had been admitted to defend below. Decree affirmed.
In Russell v. Lillja, 90 111. 327, upon a petition to restore the record •of a judgment destroyed by the fire, the following points were passed •upon:
1. Where a petitioner to restore the record of a judgment destroyed by fire, shows in his petition that the judgment was in his favor, this will sufficiently show his interest and right to file the petition.
2. The petition in such case need not specifically aver that the destruction of the record, if not restored, will result in damage to the petitioner. That is sufficiently shown by a statement that he is the plaintiff in the judgment, payment of which cannot be enforced until its restoration.
3. The petition must state substantially what the record sought to be restored contained, but it is not required to state it in Tiaee vertía or in minute detail.
4. Where the record of a judgment by confession is sought to be restored after its destruction, only so much need be stated in the petition as shows the court had jurisdiction of the parties and of the subject matter, and that the matter was adjudicated, finding the sum confessed as owing to the plaintiff, and a recovery and award of execution.
5. Where a suit is pending and has not resulted in a judgment, it is necessary to restore all the papers and files, not only in substance, but in form, after their loss and destruction; but in that case literal copies are not required of the originals, but only such ás are proper in the proceeding.
*372 A demurrer to the petition was overruled by the court below, and the decree affirmed on appeal, holding as above.
See as to the power of the court to supply defect in returns by amendment, 1 Abb. New Pr. 401; and also Hall v. Ayer, 9 Abb. Pr. 220; s. c., 19 How. Pr. 91, where it was held that though it is irregular to issue an execution against the person before return of execution against property, yet when the latter has been filed, and it was by the sheriff’s neglect that the return has not been indorsed, the defect is amendable, and the second execution may be upheld by allowing the return to be indorsed nunc pro tune. Compare Bergman v. Noble, 19 Abb. N. C. 62.
II.

Attorney’s register, sheriff’s records, eta., as evidence of lost records-under the rule of entries made in the course of business or as secondary evidence, or as memoranda made by the witness.

Leland v. Cameron, 31 N. Y. 115. Action to compel conveyance of lands. Defendant’s title rested upon a sheriff’s deed. Plaintiff denied the recovery of the judgment and the execution thereon. It was shown that search had been made in the clerk’s office for an execution, and none could be found, that the person then sheriff had had his house burned --removed next, and died, and that on inquiry of the members of the family, it could not be found. Held, that this was sufficient evidence of loss to admit secondary evidence of the contents of the execution. But it was necessary first to show that an execution was issued to the sheriff. Held, further, that an entry of the plaintiff’s attorney in his register of the issuing of execution is competent evidence where the attorney is dead, that it was issued. In general, all entries or memoranda made in the course of business or duty, by any one who would at the time have been a competent witness of the fact which he registers, are competent evidence after his decease. Entries of an attorney in his register are within the rule, and the court will presume that the execution was in the form and contained the directions which the-law at the time required. Judgment affirmed.
Philips v. Shiffer, 14 Abb. Pr. N. S. 101. Specific performance. Plaintiff’s title rested upon a sheriff’s deed. The objection was that there was no legal evidence, by record or otherwise, that any writ of ■fieri facias had been issued to the sheriff.
The sheriff testified that he acted as sheriff in making a sale of the premises on a fi. fa. issued to him out of the superior court of New York, and he produced his register, showing entries substantiating these *373 facts, and that the execution never was returned, but was lost by a careless deputy.
The writ of fieri facias, under which the sale was made, could not be found in the superior court clerk’s office, and no entry of its return, or of satisfaction, appeared on the docket of the judgment..
Held, that conceding that the recitals of the sheriffs deed were insufficient, yet the direct and affirmative proof by the sheriff that the recited writ was issued and delivered to him, and that he made the sale under it, and the corroboration of this proof by the production of the official entries of the delivery of the execution, made contemporaneously in his register, were sufficient as proving that an execution did issue.
Morrow v. Ostrander, 13 Hun, 219. Formerly only entries made by a person in the course of his business duties were admissible (Bank of Monroe v. Culver, 2 Hill, 531; Merrill v. Ithaca, &c. R. R. Co., 16 Wend. 599), but this restriction no longer exists, and any memorandum made at or about the time when a transaction took place is admissible in evidence, when its author swears that he knew it to have been correct when made (Halsey v. Sinsebaugh, 15 N. Y. 185; Guy v. Mead, 22 Id. 465), and it is not only competent, to refresh the witness’s memory, but also as independent corroborating testimony, even where its evidence is of a negative character and consists in the absence of an entry.
Thus, where the question in dispute is the genuineness of a certificate given by a school commissioner, and he testifies that he did not recollect signing it, and that he kept a book in which certificates given by him were entered, the book is admissible in evidence to show that it contained no entry of the certificate in question, although the commissioner was not required by law to keep such a book. Judgment reversed.
Bissell v. Hamblin, 6 Cow. 512. Action by a commissioner to recover for services in taking testimony in an action.
The plaintiff to prove certain adjournments of the hearing, offered evidence of entries in a record of the proceedings, showing such adjournments. The record was in his own handwriting, and it was proven that he had no clerk. The evidence, as presumptive proof of the adjournments, was excluded.—Held, error, that the entries were made in the course of official duty by a public officer, and should have been received, and this, although the person making the entries is a party to the action. Judgment reversed.
Livingston v. Arnoux, 56 N. Y. 507. Ejectment. To establish the redemption of land, sold under an execution by the judgment debtor, under whom the plaintiff claims, a receipt, signed by the sheriff, now dead, was produced in evidence. Objection was made to the receipt as evidence, on the ground that the statute did not require the sheriff *374 to give the judgment debtor^ who redeemed, a certificate or other. evidence of the fact of the redemption.—Held, that the evidence was-competent; that although giving the receipt was not strictly an official act, yet it was a proper and reasonable one within- the scope of the sheriffs official duty ; and the rule th'at entries and memoranda made by persons, since deceased, in the ordinary course of professional and official employment, are competent, secondary evidence of the facts contained in them, where they had no interest to misstate or misrepresent them,—was applicable. Judgment affirmed.

Interpretation of records ; and presumptions and amendments in aid of

lost records.

See Code Civ. Pro. §§ 721-728. •
Dunham v. Townsend, 43 Hun, 580. Ejectment. Plaintiff’s title rested upon a sheriff’s deed. Plaintiff omitted to prove the existence of the judgment. The following points were passed upon:
. 1. It seems that under 3 R. S., 6 ed., 635, § 83, providing that a sheriff’s deed upon an execution “ shall be valid and effectual to convey all the right, title and interest, which was sold by such officer,” such deed is evidence of the authority as well as the sheriff’s proceedings, and need not be supplemented by proof of the judgment under which the sale was made.
2. Where it appears that such sheriff’s deed was made more than forty years before the commencement of the action, during which time the proceedings have never been questioned, and the property has been dealt with by his grantees upon the assumption that the deed has conveyed title to it, it will be presumed as an inference of fact that a judgment was recovered, as was mentioned in the execution, and that the deed of the sheriff did convey the title to the land. [Citing Phillips r. Shiffer, 7 Lans. 347.]
3. Where such deed was made by the sheriff, not to the purchaser, at (he execution sale, but to a redeeming junior creditor, proof of the acquisition by the latter of the right to the deed, to the exclusion of the purchaser at the, sale, is not necessary as against a third person, who is a mere intruder, upon the property, having no right or interest therein. [Citing Jackson v. Harder, 4 Johns. 202-210; Wood v. Morehouse, 45 N. Y. 369, 378; Moores v. Townshend, 3 Cent. Rep. 441].
Hasbrouck v. Durbans, 42 Hun, 376. Ejectment. Plaintiff claimed title under a sheriff’s deed, and proved by the deputy county clerk that he had made diligent search for the execution but could not find it, and proved the execution from the recital in the deed.—Held,
*375 3. A recital in a sheriff’s deed that an execution has been issued to him, pursuant to which the conveyance is made, is not evidence that such execution was in fact issued. The rule that public officers are presumed to have done their duty, and to have acted regularly and properly, does not apply, as no official duty is shown to have existed unless the execution was in fact issued.
2. In order to support such deed, the party presenting it must give some evidence that an execution existed, and a search by the county clerk, and his failure to find an execution, standing alone, affords no presumption of its loss. [Citing Leland v. Cameron, 31 N. Y. 115; Mandeville v. Reynolds, 63 Id. 528.]
3. Presumptions are indulged either in favor of, or in opposition to, ancient deeds, according to the matters in pais which accompany them [citing Clark V. Owens, 18 N. Y. 434; Willson v. Betts, 4 Den. 212], where there has been no possession, and no other acts indicating any claim under the deed, and the deed recites an execution upon which its validity depends, and no other trace of that execution can be found, the court will naturally conclude that the deed had performed no function ; because, from the lack of execution, it could not rightfully perform any. Such a deed under such'circumstances, instead of gathering vigor with time, waxes stale. Judgment reversed and new trial ordered.
On a subsequent appeal (reported 47 Hun, 487) the court held that evidence having been given on the new trial to show that the occupant of the lands, who held under the supposed judgment debtor, declared that she did not own the premises, but that title was in the plaintiff, there was a strong presumption that the ancient deed was genuine, andas the jury drew the inference in favor of the plaintiff,the judgment must be affirmed.
That the recitals in the sheriff’s certificate of sale under an execution are not evidence of the issue of an execution,—see Anderson v. James, 4 Robt. 35. And see to the same effect, Jackson v. Shepard, 7 Cow. 35, a case of a tax collector’s deed reciting acts made necessary before sale.
Doe ex dem. Vaughn v. Biggers, 6 Ga. 188. Ejectment. Defendant set up title under a sheriff’s deed. Proof of loss of they?, fa. was given, as follows:
That search has been made for it in the district where it purported to have been issued, and also in the offices of the clerks of the inferior and superior courts without success, and that the defendant, had applied to the magistrates of that district without success. Testimony of the sheriff was also given that he was under the impression that after the sale, he handed the execution to the judgment debtor, *376 and that the land was levied upon by a constable, and the execution was duly returned to the sheriff.
Plaintiff objected that the loss of the ft. fa. was not sufficiently proven. Verdict for defendant.
Held, that the loss of the,/?./« was sufficiently proven; that the law does not require unquestionable proof of loss ; that the object of the proof is to establish a reasonable presumption of the loss of the instrument.
A further objection was made in this case to the admissibility of the sheriff’s deed, because of a failure to prove that the execution had upon it the constable’s entry of “ No- personal property to be found.”
•—Held, that although such an entry is necessary on the execution, yet the court will presume that the constable made it before' levying on the land, and that the deed was properly admitted, for the presump- - tion is that the constable—a sworn officer—did his duty. Judgment affirmed.
In Fretwell v. Morrow, 7 Ga. 264, the facts were similar to the case -of Doe ex dem. Vaughn v. Diggers (above cited). Proof of the loss of the,/?, fa. was given as follows :
That search had been made in the court clerk's and sheriff’s offices; that the magistrate, who had entered the judgment, had been called upon; also the bailiff who lived in the district where the land lay; and the sheriff in office at the time of the sale; but without finding the paper.—Held, sufficient to establish its loss. [Following Doe ex dem. Vaughn v. Riggers, above cited.] Judgment for defendant affirmed.
Morrison v. Cook, 2 Jones (N. C. ) 117. Ejectment. Defendant claimed title under a sheriff’s deed. The execution was destroyed by the burning of the county court-house, and the deed was made after such destruction. It was claimed that an act of the legislature—providing that the production of the deed under which a party claimed should be prima facie, evidence of the judgment and execution in the case of these destroyed records,—was applicable. Held, untenable; that the act was intended only to apply to deeds in existence at the time of the fire, and not those made after. Judgment for defendant reversed.
Hilton v. Bender, 69 N. Y. 75. Ejectment. Defendant claimed title under a tax lease made upon a sale for non-payment of an assessment, and offered in evidence the lease as the only proof of title thereunder. Held, (1) that the lease was not prima facie evidence of the regularity of the proceedings, as the statute required official record evidence of the steps preliminary to a sale, and to sustain it, it would be necessary to prove the proceedings; (2) nor will mere lapse of time (more than thirty years) create a presumption of- the regularity of *377 ■proceedings. And the court say : When the law exacts acts of record •and provides for perpetuating documentary evidence, it is unreasonable, because against the usual course of things, to presume without proof, that they once existed and have been lost. A presumption is an inference of a fact not known, arising from its necessary or usual connection with others which are known. To infer a record once existing ■and lost, because not found, where the law requires it should be kept, would reverse the rule and create a presumption of one fact from •another not usually connected with it. Facts may be shown, doubtless, from which the existence of the records and the subsequent loss or ■destruction might be inferred. No such facts were shown in this case.
McKineron v. Bliss, 31 Barb. 180; aff’d as McKinnon v. Bliss, 21 N. Y. 206. Ejectment. Plaintiff claimed under a grant of letters patent from the King of England. Proof of a search in the State •offices of this State and in the clerk’s offices of several counties, and a failure to find the royal grant, was given. A witness was then summoned to whom this question was put : “ What is reported among the settlers ' ■of this tract, to have been the disposition made of the instruments of title or letters patent ?’’ The question was excluded. Held, that proof of a search in the State and county offices of record in this State for the original patent, and that it cannot be found, does not entitle the plaintiff to prove reports and traditions as to what has become of the patent. He should produce an exemplification from the appropriate office in England, or prove that on application there the record could not be found. •Judgment affirmed.
Freeman v. Hatley, 3 Jones (N. C.) 115. Ejectment. Plaintiff •claimed title as lessee and proved his lessor’s title under a copy of a deed to her testator. The defendant objected to the admissibility of the deed ■on the ground that it had not been duly proven and ordered to be registered. The record of the deed was provento have been destroyed by "the burning of the county court-house. The copy deed offered in evi■dence had indorsed thereon the statement of the register with his signature that the within deed is a true copy of the deed from J. K. G. to W. T. and that the original had been duly registered. The register 'testified that no deed was ever registered during his incumbency of the ■office, unless the same had been properly proven. Held, that the proof was sufficient to show that the original deed had been “ duly proven and ordered to be registered.’’ [It seems that the statute of North Carolina does not require á certificate of the proof of a deed executed by a resident to be on the deed.]
Ford v. Walsworth, 19 Wend. 334. Ejectment. Plaintiff’s claim rested upon intestate succession. Defendant claimed under a surro *378 gate’s order of sale for payment of debts. The plaintiff claimed that an account of the personal property of the intestate, and an estimate of his debts, were not presented to the surrogate at the time of making-the order. The administrators’ petition, reciting that they had made a just and true account of the personal estate, etc., was produced, also-the order of sale and adjudication of the surrogate that the personal estate was insufficient to pay debts. The surrogate testified that after a diligent search, he had been unable to find the account of personal property and estimate of the debts in his office. The former surrogate-testified to the making of the order of sale, and stated' that he did not recollect whether the account had been presented, but it was necessary to present such account, and he had no doubt it was presented. A direction of a verdict for the plaintiff having been given,—Held, error, that the case should have been submitted to the jury.
The court say: The proper place had been searched, and the paper not found. There cannot be a doubt, therefore, that it was competent to give secondary evidence of it, (Jackson ex dem. M’Frail v. Crawfords,, 12 Wend. 533). The recitals in the petition and deed, and the-adjudication of the surrogate, that the personal estate had been exhausted in the payment of debts, combined with the testimony of the-surrogate, certainly present a somewhat imposing array of circumstances. It was for the jury to pronounce upon their sufficiency. The-surrogate knew his duty was to require the filing of this important paper, and although he did not remember that such a paper had been filed in this particular proceeding, he said with great confidence,, generally, that he never ordered a sale without such a paper being-produced to him. He entertained no doubt, therefore, that it bad been produced. It is extremety difficult to reconcile such testimony with any other supposition than that the paper had been presented, and1 lost or mislaid. The ordinary presumption, too, that a public officer-has done his duty, though not sufficient per se to establish this vital jurisdictional fact, ought not to be entirely rejected.’’
Pruden v. Alden, 23 Pick. 184; s. c., 34 Am. Dec. 51. Writ of right. Occupant claimed under a deed reciting that a license was. given by the court in 1807 to an administratrix to sell the land. Testimony of the administratrix’s agent was given to the effect that he-had applied for the license and in his belief it was granted. The-docket for the term in which the order was made, -could not be found. The demandants contended that there was no legal proof of the court’s order.—Held, that the recital in the deed,' together with more than thirty years undisturbed possession by the tenant under a deed which could only be good by force of such license, is sufficient proof of the existence of the record and of its loss to let in secondary evi *379 dence, and that the evidence was sufficient to satisfy the court that the license had been granted.
In Jackson v. Todd, 3 Johns. 300, an action of ejectment, it was held that the testimony of a witness, that he delivered a deed to the clerk of the county to be recorded, and that search had been made in the clerk’s office and it cannot be found, was not sufficient evidence of the loss of the deed to entitle the party to read a copy in evidence, unless it be shown that the deed was never re-delivered by the clerk. Judgment reversed and new trial ordered.
Rice v. Davis, 7 Lans. 393. Recovery of real property. Defendant’s title rested upon a sheriff’s deed. The premises, after the sale, were redeemed by a creditor. There was proof that an original redemption affidavit was presented to the sheriff, that search had been made in the county clerk’s office for the redemption papers, but they were not found, and that it was probable they had been destroyed by fire if ever there.—Held, that no distinct objection having been taken to the sufficiency of the search, a copy of the redemption affidavit was properly received in evidence. Judgment affirmed.
Peck v. Gurney, 2 Hill, 605. Replevin. It appeared that intermediate the seizure and sale the sheriff lost the affidavit and warrant, and that they were not therefore filed in the county clerk’s office as required by statute. An offer of secondary evidence was excluded by the judge; holding that the officer after the loss of the papers was not authorized to make the sale. Held, error; that the statute (2 R. S. [2 ed.] § 9) which required the papers to be filed, did not make them an exception to the general rule respecting lost instruments, and that secondary evidence should have been received. Judgment reversed.
Mandeville v. Reynolds, 67 N. Y. 528 ; aff’g 5 Hun, 338. Action upon a judgment. The plaintiff did not produce the judgment roll at the trial, and proved its loss by the clerk who testified that he had made diligent search therefor in his office, but that it could not be found. To prove the existence of the judgment roll, the county clerk, at the time of docketing the judgment, testified that the judgment book shown him was genuine; that he was required by law to keep it for the entry of judgments ; that an entry therein of the recovery of the judgment was in his handwriting, and would not have been made without he had something before him to found it on. The judgment docket was also produced showing the recovery of the judgment.— Held, that the testimony was sufficient to show that there was, at the date of the judgment, some roll or statement to authorize the order in the judgment book and the entry upon the docket; and that the pre *380 sumption was that the clerk would not have done the official acts of entering the order, and of docketing the judgment, without the roll. -Judgment affirmed.
In Ames v. Hoy, 12 Cal. 11, an action at law upon a judgment was -sustained, and evidence admitted of the destruction of the record by fire, and of the existence of the record.
Davies v. Pettit, 11 Ark. 349. Action in equity to have the amount of a judgment applied to the use of plaintiff’s cestuis que trust. The Tecords were proven to have been stolen- from the clerk’s office. Defendant’s demurrer was overruled. Held, that the record could be proved by parol. Judgment affirmed.
This case is followed in Mason v. Bull, 26 Ark. 164, which was an -action by creditors against a decedent’s estate, and where there was a failure to produce the rgcord appointing the administrator, the question being whether the creditor’s claim had been presented properly.
In Baldwin v. Ryan, 3 Sup'm. Ct. (T. & C.) 251, it was hold in -a judgment creditor’s action to set aside conveyances as fraudulent, that the certificate of the county clerk to prove the issue and return of an execution was not evidence of that fact; the proper evidence being the execution itself, with the sheriff’s indorsement thereon.
Josueze. Conner, 7 Daly, 448. Action against sheriff for false return. It was alleged that the case was one where an execution against the person would lie, and that it was returned “ not found,’’ and that an -order of arrest against the defendant had been granted in the action. Defendant denied that, the execution ever had any force or vitality in law. Plaintiff proved that he applied for the order of arrest and that it was granted and served, and a motion had been made by defendant to vacate it. Further evidence was then given that the order was last ■seen in the hands of the judge who granted it, and who has since died; that plaintiff’s attorney had searched, “ with great care,” the files and indices of the clerk’s office, but had not found it; that it should be there, and he did not know where it yms. The complaint was dismissed upon the ground that the plaintiff had not made out a prima Jade case, and had not established the loss of the order of arrest sufficiently to admit secondary evidence. On appeal, held, that the complaint was properly dismissed.
The court say: “If the plaintiff had hadan official search made by the clerk of the marine court, and the order could not be found in clerk’s office, I should have been disposed to regard that as a sufficient ■exercise of diligence, as it should have been returned to the clerk’s office after the denial of a motion to discharge the arrest. The plaint *381 iiPs attorney’s statement that he examined the files and books of indices in the clerk’s office, with great care, amounts to little more than his opinion of the nature of his search. What acquaintance he had with the mode of keeping papers in the clerk’s office is not shown; nor what he really did, except the general statement that he examined the files and book of indices. When a paper that ought to be in a public office is net readily found, the proper course is to get the officer who is in charge of the office to search for it, and prove the-search by him, or by the deputy who made it, or give in evidence the certificate of the clerk that he had made a diligent examination in his-office and that it could not be'found (2 R. S. 552, § 13), which is the-course usually pursued in such cases.' An official search by the clerk or his deputy, however, is not indispensible. It may be equally effectual when made by one not connected with tlie office, provided he has-had an equal opportunity to ascertain the fact, and has done all that the official could have done.”
Dunlap v. Berry, 4 Scam. (Ill.) 327; s. c., 39 Am. Dec. 413. Action against sheriff for false return. Loss of the execution was proved, and the-entries on the clerk’s docket were admitted, against objection, to prove that the execution had existed and was issued. Held, properly admitted. The court say : “The clerk proved that it was the practice of his office to keep an execution docket, on which the date, amount, etc., of each execution was entered, as well as the return; and that the entries relative to the execution and return in question were correctly made by him. When a book is thus regularly kept by a clerk, as an execution docket, it might be questionable whether the entries therein would not constitute good and valid primary evidence ; but as secondary evidence, it is the very best that could be produced in such a case.”
Southwick v. Hayden, 7 Cow. 334. Debt. Judgment was given in a justice’s court for the defendant, and plaintiff appealed to the common pleas, where the defendant moved for a non-suit on the ground that a receipt material to the cause had not been produced on the trial in the common pleas.
The justice testified that he returned the receipt to the clerk’s office, and the clerk testified that he took a bundle from the pigeon-hole where such papers were usually kept, which he supposed to contain all papers on file relating to the cause, but the receipt was not among them. Held, not sufficient proof of diligent search ; but that its production was not necessary, as the delivery of the receipt might be shown by parol. Judgment affirmed.
Matter of Warfield, 22 Cal. 51. Petition to revoke probate of a will. The petition set forth various irregularities and defects in the proceed *382 ings and alleged that the petition for the probate of the will was never presented to the court, and no order was ever made admitting it to pro, bate. It' was proved that the petition was not on file. Evidence was offered of entries in the account book of the clerk of the court, showing the filing of the petition; an order of the probate court granting letters of special administration, with a notice that cause be shown why general letters should not be granted; a copy of a notice annexed to the order of publication that the will would be offered for probate; and the testimony of the executor that he verified a petition and that it was left with the court. Held, that the existence of the petition was sufficiently proved. Petition denied.
Inhabitants of Stockbridge v. Inhabitants of West Stockbridge, 12 Mass. 399. Action for expenses incurred by the plaintiff in supporting a pauper whose legal settlement' was alleged to be in the defendant town. The question was as to the incorporation of the defendant. No record of the defendant’s incorporation could be found. e A resident of the defendant testified that he remembered being in Boston and conversing with the governor about incorporation; that he believed he obtained an act for that purpose, and carried the same home with him, although he had no particular recollections of that fact. Held, that it being admitted that the inhabitants of the defendant had for more than thirty years enjoyed the privileges and powers of a town, the evidence was sufficient to prove its incorporation.
Teall v. Van Wyck, 10 Barb. 376. Action upon an appeal bond. The justice of the peace to whom a bond upon appeal had been delivered, testified that he had searched for it among all his papers, and it was not there, and plaintiff's attorney testified that he had searched in the county clerk’s office in the places where such bonds are usually kept, arid could not find it. Held, sufficient evidence of the loss of the bond ; that the county clerk's certificate that it could not be found was not necessary ; and although the clerk's certificate is admissible [2 R. S. 3 ed. 639, § 13], yet it is not the only competent evidence. [Jackson v. Russell, 4 Wend. 543.] Judgment affirmed.